Exhibit **A**

Exhibit **A**        Exhibit **A**        Exhibit **A**        Exhibit **A**        Exhibit **A**



**J9M / LABOR**
**Transmittal Number: 22170983**
**Date Processed: 10/19/2020**

# Notice of Service of Process

Primary Contact:   ▮▮▮▮▮▮▮
Hyatt Hotels Corporation
150 N Riverside Plz
Fl 14
Chicago, IL 60606-1598

| | |
|---|---|
| **Entity:** | Hyatt Corporation<br>Entity ID Number  0007499 |
| **Entity Served:** | Hyatt Corporation d/b/a "Manchester Grand Hyatt San Diego" |
| **Title of Action:** | Michael D. Brumbach vs. Hyatt Corporation d/b/a "Manchester Grand Hyatt San Diego" |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2020-00036271-CU-OE-CTL |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 10/16/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kevin T. Barnes<br>323-549-9100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Kevin T. Barnes, Esq. (SBN#138477)<br>Law Offices of Kevin T. Barnes<br>1635 Pontius Avenue, Second Floor<br>Los Angeles, California 90025-3361<br>TELEPHONE NO.: (323) 549-9100   FAX NO.: (323) 549-0101<br>ATTORNEY FOR (Name): Michael D. Brumbach | To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished. |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**10/09/2020** at 08:13:58 AM
Clerk of the Superior Court
By Keira McCray, Deputy Clerk

CASE NAME:
Michael D. Brumbach v. Hyatt Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✔ **Unlimited**<br>(Amount demanded exceeds $25,000) | **Limited**<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2020-00036271-CU-OE-CTL<br>JUDGE: Judge Joel R. Wohlfeil<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Seven (7)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 9, 2020

Kevin T. Barnes, Esq.
(TYPE OR PRINT NAME)                                    ▶ _Kevin J. Barnes_ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Save This Form | Print This Form | Clear This Form |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HYATT CORPORATION d/b/a "Manchester Grand Hyatt San Diego,"
a Delaware corporation; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL D. BRUMBACH, on behalf of himself and all others
similarly situated,

> To keep other people from
> seeing what you entered on
> your form, please press the
> Clear This Form button at the
> end of the form when finished.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/09/2020** at 08:13:58 AM
Clerk of the Superior Court
By Keira McCray,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice Courthouse<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2020-00036271-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Kevin T. Barnes, 1635 Pontius Ave., Second Floor, Los Angeles, CA 90025 - (323) 549-9100

| DATE: 10/13/2020<br>*(Fecha)* | Clerk, by *K. McCray*<br>*(Secretario)* K. McCray | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

[ Save This Form ]   [ Print This Form ]   [ Clear This Form ]

> For your protection and privacy, please press the Clear This Form
> button after you have printed the form.

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Attorneys for Plaintiff MICHAEL D. BRUMBACH,
on behalf of himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/09/2020** at 08:13:58 AM
Clerk of the Superior Court
By Keira McCray, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MICHAEL D. BRUMBACH, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HYATT CORPORATION d/b/a "Manchester Grand Hyatt San Diego," a Delaware corporation; and DOES 1 to 100, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No. 37-2020-00036271-CU-OE-CTL <br><br> **COMPLAINT FOR:** <br><br> 1. **FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING;** <br> 2. **FAILURE TO PROVIDE ALL MEAL PERIODS;** <br> 3. **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS;** <br> 4. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 5. **VIOLATIONS OF LABOR CODE §203;** <br> 6. **PENALTIES PURSUANT TO LABOR CODE §2699; AND** <br> 7. **UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL D. BRUMBACH, an individual on behalf of himself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against Defendant HYATT CORPORATION d/b/a "Manchester Grand Hyatt San Diego" and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

///

///

///

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL. (323) 549-9100
FAX (323) 549-0101
BARNES@KBARNES.COM

# I.

## **INTRODUCTION**

1.     This is a civil action seeking recovery for Defendants' violations of the California Labor Code ("Labor Code"), California Business and Professions Code ("B&PC"), the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders") and related common law principles.

2.     Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3.     The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter although this should not automatically be considered the statute of limitations for any cause of action herein.

RELEVANT JOB TITLES

4.     For introductory and general information only (and not to be considered a proposed class definition), the relevant individuals in this action are Defendants' hourly-paid, non-exempt employees who were subjected to Defendants' policies and practices at Defendants' Manchester Grand Hyatt San Diego only as described herein (hereinafter including but not limited to Defendants' bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendants' job positions with substantially similar titles and/or duties as these). Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

5.     With regard to Defendants' hourly-paid, non-exempt employees, Defendants have:

    a.   Failed to pay all wages due to illegal time rounding;

    b.   Failed to provide all legally-requisite meal periods;

    c.   Failed to authorize and permit all paid legally-requisite rest periods;

    d.   Failed to timely furnish accurate itemized wage statements;

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

e.  Violated <u>Labor Code</u> §203;

f.  Incurred penalties pursuant to <u>Labor Code</u> §§2698, et seq.; and

g.  Conducted unfair business practices.

## II.

## **PARTIES**

PLAINTIFF MICHAEL D. BRUMBACH

6.      Plaintiff MICHAEL D. BRUMBACH is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

7.      Plaintiff MICHAEL D. BRUMBACH worked for Defendants as an hourly-paid, non-exempt employee from approximately December 17, 2012 to January 15, 2020 in San Diego, California, which is in San Diego County, California.

8.      Plaintiff MICHAEL D. BRUMBACH seeks recovery herein from Defendants because with regard to Plaintiff MICHAEL D. BRUMBACH, while acting for Defendants in his capacity as an hourly-paid, non-exempt employee, Defendants have:

a.  Failed to pay all wages due to illegal time rounding;

b.  Failed to provide all legally-requisite meal periods;

c.  Failed to authorize and permit all paid legally-requisite rest periods;

d.  Failed to timely furnish accurate itemized wage statements;

e.  Violated <u>Labor Code</u> §203;

f.  Incurred penalties pursuant to <u>Labor Code</u> §§2698, et seq.; and

g.  Conducted unfair business practices.

DEFENDANT, HYATT CORPORATION d/b/a "Manchester Grand Hyatt San Diego"

9.      Defendant HYATT CORPORATION d/b/a "Manchester Grand Hyatt San Diego" is now and/or at all times mentioned in this Complaint was a Delaware corporation and the owner and operator of an industry, business and/or facility(/ies) licensed to do business and actually doing business in the State of California.

///

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

DOES 1 TO 100, INCLUSIVE

10. DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

11. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

12. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

13. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

14. Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

16. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

17. Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

18. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

1 | this Complaint.

2 |      19.    Defendants, and each of them, at all times mentioned in this Complaint aided and

3 | abetted the acts and omissions of each and every one of the other Defendants thereby

4 | proximately causing the damages alleged in this Complaint.

5 | **III.**

6 | **JURISDICTION AND VENUE**

7 |      20.    The California Superior Court has jurisdiction in this matter due to Defendants'

8 | aforementioned violations of California statutory law and/or related common law principles.

9 |      21.    The California Superior Court also has jurisdiction in this matter because both the

10 | individual and aggregate monetary damages and restitution sought herein exceed the minimal

11 | jurisdictional limits of the Superior Court and will be established at trial, according to proof.

12 |      22.    The California Superior Court also has jurisdiction in this matter because during

13 | their employment with Defendants, Plaintiff MICHAEL D. BRUMBACH and the members of the

14 | putative Classes herein were all California citizens. Further, there is no federal question at issue, as

15 | the issues herein are based solely on California statutes and law.

16 |      23.    Venue is proper in San Diego County pursuant to CCP §395(a) and CCP §395.5 in

17 | that liability arose there because at least some of the transactions that are the subject matter of this

18 | Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts

19 | business, and/or has an agent therein.

20 | **IV.**

21 | **CLASS ACTION ALLEGATIONS**

22 |      24.    CCP §382 provides in pertinent part: "…[W]hen the question is one of a common

23 | or general interest, of many persons, or when the parties are numerous, and it is impracticable to

24 | bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs

25 | bring this suit as a class action pursuant to CCP §382.

26 |      25.    The putative classes Plaintiffs will seek to certify are currently composed of and

27 | defined as follows:

28 | ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@BARNES.COM

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

   a.  All California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, to whom Defendants applied a time rounding policy and practice as specifically described herein (hereinafter, the "Rounding Class");

   b.  All California citizens employed by Defendants as hourly-paid, non-exempt employees who worked as bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendants' job positions with substantially similar titles and/or duties as these during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego restaurants/cocktail lounges (including but not limited to Top of the Hyatt, GrandEats, Sally's Fish House & Bar, Brew30 California Taps, The Landing, Seaview, and Pool Bar & Grill) only, who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

   c.  All California citizens employed by Defendants as hourly-paid, non-exempt employees who worked as bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendants' job positions with substantially similar titles and/or duties as these during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego restaurants/cocktail lounges (including but not limited to Top of the Hyatt, GrandEats, Sally's Fish House & Bar, Brew30 California Taps, The Landing, Seaview, and Pool Bar & Grill) only, who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

   d.  All California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, who were subjected to Defendants' policies and

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@barnes.com

- 6 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");

   e.  All formerly-employed California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, who were subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class"); and

   f.  All California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

26.   The Rounding Class, Meal Period Class, Rest Period Class, Wage Statement Class, LC 203 Class and 17200 Class are herein collectively referred to as the "Classes."

27.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

28.   Numerosity (CCP §382):

   a.  The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

   b.  The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

   c.  The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

///

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 POINTE DE AVENUE,
SECOND FLOOR,
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

29. Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a. California has a public policy which encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1   causes of action alleged herein;

2   g.   Absent class treatment, the prosecution of separate actions by the individual

3       members of the Classes, even if possible, would likely create:

4       i)   a substantial risk of each individual plaintiff presenting in separate,

5           duplicative proceedings the same or essentially similar arguments and

6           evidence, including expert testimony;

7       ii)   a multiplicity of trials conducted at enormous expense to both the

8           judicial system and the litigants;

9       iii)   inconsistent or varying verdicts or adjudications with respect to the

10          individual members of the Classes against Defendants;

11      iv)   potentially incompatible standards of conduct for Defendants; and

12      v)   potentially incompatible legal determinations with respect to

13          individual members of the Classes which would, as a practical matter,

14          be dispositive of the interest of the other members of the Classes who

15          are not parties to the adjudications or which would substantially

16          impair or impede the ability of the members of the Classes to protect

17          their interests.

18  h.   The claims of the individual members of the Classes are not sufficiently large

19      to warrant vigorous individual prosecution considering all of the concomitant

20      costs and expenses attendant thereto;

21  i.   Courts seeking to preserve efficiency and other benefits of class actions

22      routinely fashion methods to manage any individual questions; and

23  j.   The Supreme Court of California urges trial courts, which have an obligation

24      to consider the use of innovative procedural tools to certify a manageable

25      class, to be procedurally innovative in managing class actions.

26  30.   Well-defined Community of Interest: Plaintiffs also meet the established

27  standards for class certification (see, e.g. Lockheed Martin Corp. v. Superior Court (2003) 29

28  Cal.4th 1096), as follows:

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 9 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

a. <u>Typicality</u>: The claims of Plaintiff MICHAEL D. BRUMBACH are typical of the claims of all members of the Classes he seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b. <u>Adequacy</u>: Plaintiff MICHAEL D. BRUMBACH:

    i)    is an adequate representative of the Classes he seeks to represent;

    ii)    will fairly protect the interests of the members of the Classes;

    iii)    has no interests antagonistic to the members of the Classes; and

    iv)    will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    i)    Whether Defendants' time rounding policies and practices are illegal with regard to the members of the Rounding Class;

    ii)    Whether Defendants failed and continue to fail to provide legally-requisite meal periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>;

    iii)    Whether Defendants failed and continue to fail to authorize and permit paid legally-requisite rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Orders</u>;

    iv)    Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 10 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

v)      Whether Defendants are liable pursuant to <u>Labor Code</u> §203 to the members of the LC 203 Class;

vi)     Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

vii)    Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

viii)   Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

ix)     Whether the members of the Classes are entitled to injunctive relief;

x)      Whether the members of the Classes are entitled to restitution; and

xi)     Whether Defendants are liable for attorneys' fees and costs.

31.     Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232, 238).

## V.

## <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING

### (On Behalf of the Rounding Class)

### (Against All Defendants)

32.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

33.     <u>Labor Code</u> §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

34.     <u>Labor Code</u> §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor,
Los Angeles, CA
90025-3361
Tel.:(323)549-9100
Fax:(323)549-0101
Barnes@kbarnes.com

- 11 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

1    at the rate of no less than one and one-half times the regular rate of pay for any employee."

2        35.    Labor Code §1182.12, effective July 1, 2014, states: "Notwithstanding any other

3    provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not

4    less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all

5    industries shall be not less than ten dollars ($10) per hour." Further, pursuant to Labor Code

6    §1182.12(b)(1)(A), for any employer who employs 26 or more employees, the minimum wage

7    shall be as follows: "From January 1, 2017, to December 31, 2017, inclusive, - ten dollars and

8    fifty cents ($10.50) per hour." Pursuant to Labor Code §1182.12(b)(1)(B), for any employer who

9    employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2018,

10   to December 31, 2018, inclusive, - eleven dollars ($11) per hour." Pursuant to Labor Code

11   §1182.12(b)(1)(C), for any employer who employs 26 or more employees, the minimum wage

12   shall be as follows: "From January 1, 2019, to December 31, 2019, inclusive, - twelve dollars

13   ($12) per hour." Pursuant to Labor Code §1182.12(b)(1)(D), for any employer who employs 26

14   or more employees, the minimum wage shall be as follows: "From January 1, 2020, to December

15   31, 2020, inclusive, - thirteen dollars ($13) per hour." Pursuant to Labor Code

16   §1182.12(b)(1)(E), for any employer who employs 26 or more employees, the minimum wage

17   shall be as follows: "From January 1, 2021, to December 31, 2021, inclusive, - fourteen dollars

18   ($14) per hour." Finally, pursuant to Labor Code §1182.12(b)(1)(F), for any employer who

19   employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2022,

20   and until adjusted by subdivision (c) - fifteen dollars ($15) per hour."

21       36.    Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a

22   lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

23   compensation applicable to the employee is entitled to recover in a civil action the unpaid

24   balance of the full amount of this minimum wage or overtime compensation, including interest

25   thereon, reasonable attorney's fees, and costs of suit."

26       37.    Further, pursuant to Labor Code §1197, payment of less than the minimum wage

27   fixed by the Labor Commission is unlawful.

28   ///

LAW OFFICES OF
KEVIN T. BARNES
1615 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 12 -
BRUMBACH V. HYATT CORPORATION - COMPLAINT

38.     Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

39.     Pursuant to the IWC Wage Order(s), Defendants are required to pay the members of the Rounding Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

40.     Defendants, as a matter of established company policy and procedure, consistently, at least until approximately June 1, 2019:

    a.      Administered a uniform company policy and practice as to the rounding policies regarding the members of the Rounding Class; and

    b.      Rounded the actual time worked and recorded by the members of the Rounding Class, usually down, so that during the course of their employment, the members of the Rounding Class were paid far less than they would have been paid had they been paid for actual recorded time rather than "rounded" time.

41.     Because Defendants required the members of the Rounding Class to remain under Defendants' control without paying therefore, this resulted in the members of the Rounding Class earning less than the legal minimum wage in the State of California.

42.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218, to recovery by Plaintiffs and the members of the Rounding Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

43.     Further, Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Rounding Class as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Rounding Class, in a civil action, for the unpaid

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 13 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

1  balance of the full amount of the unpaid minimum wages owed, calculated as the difference

2  between the straight time compensation paid and the applicable minimum wage (and/or the full

3  amount of unpaid overtime compensation, which includes any unpaid straight time and unpaid

4  overtime premium for overtime hours worked), including interest thereon.

5      44.    Pursuant to <u>Labor Code</u> §1194.2(a) (which provides that in any action under

6  <u>Labor Code</u> §1194, an employee shall be entitled to recover liquidated damages), the members of

7  the Rounding Class seek recovery of liquidated damages on the straight-time portion of

8  uncompensated hours of work (not including the overtime portion thereof) in an amount equal to

9  the wages unlawfully unpaid and interest thereon.

10      45.    That calculation of individual damages for the members of the Rounding Class

11  may at some point be required does not foreclose the possibility of taking common evidence on

12  questions regarding their entitlement to overtime compensation (see, e.g. <u>Collins v. Rocha</u> (1972)

13  7 Cal.3d 232; <u>Hypolite v. Carleson</u> (1975) 52 Cal.App.3d 566; <u>Employment Development Dept.</u>

14  <u>v. Superior Court</u> (1981) 30 Cal.3d 256).

15      46.    Pursuant to <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CC</u> §3287, the

16  members of the Rounding Class seek recovery of pre-judgment interest on all amounts recovered

17  herein.

18      47.    Pursuant to <u>Labor Code</u> §218.5 and/or <u>Labor Code</u> §1194, the members of the

19  Rounding Class request that the Court award reasonable attorneys' fees and costs incurred by

20  them in this action.

21  **SECOND CAUSE OF ACTION**

22  **FAILURE TO PROVIDE ALL MEAL PERIODS**

23  **(On Behalf of the Meal Period Class)**

24  **(Against All Defendants)**

25      48.    Plaintiffs incorporate by reference and reallege each and every one of the

26  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

27  forth herein.

28  ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR,
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 14 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

1   49.   Labor Code §226.7(b) provides that "An employer shall not require an employee
2   to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or
3   applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational
4   Safety and Health Standards Board, or the Division of Occupational Safety and Health."

5   50.   Labor Code §512 provides that "An employer may not employ an employee for a
6   work period of more than five hours per day without providing the employee with a meal period
7   of not less than 30 minutes, except that if the total work period per day of the employee is no
8   more than six hours, the meal period may be waived by mutual consent of both the employer and
9   employee. An employer may not employ an employee for a work period of more than 10 hours
10   per day without providing the employee with a second meal period of not less than 30 minutes,
11   except that if the total hours worked is no more than 12 hours, the second meal period may be
12   waived by mutual consent of the employer and the employee only if the first meal period was not
13   waived."

14   51.   Labor Code §516 provides that the Industrial Welfare Commission "may adopt or
15   amend working condition orders with respect to break periods, meal periods, and days of rest for
16   any workers in California consistent with the health and welfare of those workers."

17   52.   Section 11(C) of the IWC Wage Orders provides that "Unless the employee is
18   relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on
19   duty" meal period and counted as time worked. An "on duty" meal period shall be permitted
20   only when the nature of the work prevents an employee from being relieved of all duty and when
21   by written agreement between the parties an on-the-job paid meal period is agreed to. The
22   written agreement shall state that the employee may, in writing, revoke the agreement at any
23   time."

24   53.   Section 11(D) of the IWC Wage Order(s) provides that "If an employer fails to
25   provide an employee a meal period in accordance with the applicable provisions of this order, the
26   employer shall pay the employee one (1) hour of pay at the employee's regular rate of
27   compensation for each workday that the meal period is not provided."
28   ///

- 15 -
**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

54.     On one or more occasions, the members of the Meal Period Class worked over five (5) hours per shift and therefore were entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

55.     Further, on one or more occasions, some members of the Meal Period Class worked over ten (10) hours per shift and therefore were entitled to an uninterrupted second meal period of not less than 30 minutes prior to exceeding ten (10) hours of employment.

56.     The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

57.     The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

58.     As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s) by failing to always provide the members of the Meal Period Class with a first and in some cases a second legally compliant meal period.

59.     Pursuant to Section 11(D) of the IWC Wage Order(s) and Labor Code §226.7(c) which states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.," the members of the Meal Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the meal period was not provided, in a sum to be proven at trial.

60.     Pursuant to Labor Code §218.6 and CC §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 16 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

**THIRD CAUSE OF ACTION**

**FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS**

**(On Behalf of the Rest Period Class)**

**(Against All Defendants)**

61.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

62.     Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

63.     Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

64.     Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

65.     Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

66.     The members of the Rest Period Class sometimes worked over four (4) hours per shift. Further, the members of the Rest Period Class sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR.
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX (323) 549-0101
BARNES@KBARNES.COM

67.     The members of the Rest Period Class were entitled to a rest period of not less than ten (10) minutes for every four (4) hours of work, or major fraction thereof.

68.     As a matter of Defendants' established company policy, Defendants failed to always authorize and permit all required rest periods established by Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage Order(s).

69.     Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b) which states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that one or more rest periods were not so provided.

70.     Pursuant to Labor Code §218.6 and CC §3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

### FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

### (On Behalf of the Wage Statement Class)

### (Against All Defendants)

71.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

72.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 18 -

1    gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages

2    earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and

3    address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during

4    the pay period and the corresponding number of hours worked at each hourly rate by the

5    employee….".

6        73.    Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every

7    employer shall keep accurate information with respect to each employee including the following:

8    (3) Time records showing when the employee begins and ends each work period. Meal periods,

9    split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked

10    in the payroll period and applicable rates of pay…."

11        74.    Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A),

12    California employers are required to maintain accurate records pertaining to the total hours

13    worked for Defendants by the members of the Wage Statement Class, including but not limited

14    to, beginning and ending of each work period, meal period and split shift interval, the total daily

15    hours worked, and the total hours worked per pay period and applicable rates of pay.

16        75.    As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage

17    Orders §7(A), Defendants did not and still do not furnish each of the members of the Wage

18    Statement Class with an accurate itemized statement in writing showing (1) gross wages earned,

19    (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all

20    applicable hourly rates in effect during each respective pay period and the corresponding number

21    of hours worked at each hourly rate by each respective individual and/or pertaining to the total

22    hours worked for Defendants by the members of the Wage Statement Class, including but not

23    limited to, beginning and ending of each work period and meal period, the total daily hours

24    worked, and the total hours worked per pay period and applicable rates of pay.

25        76.    As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an

26    employee suffers injury if the employer fails to provide accurate and complete information as

27    required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot

28    promptly and easily ascertain requisite information without reference to other documents or

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@BARNES.COM

- 19 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

1  information.

2       77.    Here, the members of Wage Statement Class suffered injury because Defendants

3  failed to provide accurate and complete information as required by one or more items listed in

4  Labor Code §226(a)(1)-(9) and the Wage Statement Class members could not and cannot

5  promptly and easily ascertain requisite information without reference to other documents or

6  information.

7       78.    In addition, the members of the Wage Statement Class have suffered injury as a

8  result of Defendants' failure to maintain accurate records for the members of the Wage

9  Statement Class in that the members of the Wage Statement Class were not timely provided

10  written accurate itemized statements showing all requisite information, including but not limited

11  to total hours worked by the employee, net wages earned and all applicable hourly rates in effect

12  during the pay period and the corresponding number of hours worked at each hourly rate, in

13  violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the

14  Wage Statement Class were misled by Defendants as to the correct information regarding

15  various items, including but not limited to total hours worked by the employee, net wages earned

16  and all applicable hourly rates in effect during the pay period and the corresponding number of

17  hours worked at each hourly rate.

18       79.    The actual injuries suffered by the members of the Wage Statement Class as a

19  result of Defendants' knowing and intentional failure to maintain accurate records for the

20  members of the Wage Statement Class include but are not limited to:

21      a.   Confusion over whether they received all wages owed them by Defendants;

22      b.   The difficulty and expense of attempting to reconstruct time and pay records;

23      c.   Being forced to engage in mathematical computations to analyze whether

24         Defendants' wages in fact compensated for all hours worked;

25      d.   The inability to accurately calculate wage rates complicated by the fact that

26         wage statement information required by Labor Code §226 is missing;

27      e.   That such practice prevents the members of the Wage Statement Class from

28         being able to effectively challenge information on their wage statements;

**- 20 -**
**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

1    and/or

2        f.   The difficulty and expense of filing and maintaining this lawsuit, and the

3             discovery required to collect and analyze the very information that California

4             law requires.

5    80.    Pursuant to <u>Labor Code</u> §226(e), the members of the Wage Statement Class are

6    entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation

7    hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a

8    subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

9    81.    Pursuant to <u>Labor Code</u> §226(g), the currently-employed members of the Wage

10   Statement Class are entitled to injunctive relief to ensure Defendants' compliance with <u>Labor</u>

11   <u>Code</u> §226.

12   82.    Pursuant to <u>Labor Code</u> §226(e) and/or §226(g), the members of the Wage

13   Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

14

15                          **FIFTH CAUSE OF ACTION**

16                     **VIOLATIONS OF <u>LABOR CODE</u> §203**

17                          **(On Behalf of the LC 203 Class)**

18                          **(Against All Defendants)**

19   83.    Plaintiffs incorporate by reference and reallege each and every one of the

20   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

21   forth herein.

22   84.    <u>Labor Code</u> §203 provides that if an employer willfully fails to pay, without

23   abatement or reduction, in accordance with <u>Labor Code</u> §§201 and 202, any wages of an

24   employee who is discharged or who quits, the wages of the employee shall continue at the same

25   rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is

26   commenced.

27   85.    The members of the LC 203 Class are no longer employed by Defendants as they

28   were either discharged from or quit Defendants' employ.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 21 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

86.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

87.     Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

88.     Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

89.     Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code §203.

## SIXTH CAUSE OF ACTION

## PENALTIES PURSUANT TO LABOR CODE §2699

### (On Behalf of the Aggrieved Employees)

### (Against All Defendants)

90.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

91.     Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, board agencies or employees, such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and Labor Code §2699(f) (which establishes a civil penalty for violations of all Labor Code provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@BARNES.COM

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

a. As applicable, for civil penalties under <u>Labor Code</u> §2699(f), for all violations of the <u>Labor Code</u> except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation;

b. As applicable, civil penalties under <u>Labor Code</u> §558 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for violations of <u>Labor Code</u> §§500-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

c. As applicable, for civil penalties under <u>Labor Code</u> §1197.1 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for violations of <u>Labor Code</u> §§1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid, and $250 for each subsequent violation for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed;

d. As applicable, for civil penalties under <u>Labor Code</u> §210 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for each employee who is/was not paid wages in accordance with <u>Labor Code</u> §§201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5)  in the amount of a civil penalty of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

e. As applicable, for civil penalties under <u>Labor Code</u> §226.3 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor</u>

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1                      Code), for each violation of <u>Labor Code</u> §226(a), in the amount of $250 for

2                      each aggrieved employee per pay period for each violation and $1,000 for

3                      each aggrieved employee per pay period for each subsequent violation; and

4          f.    As applicable, for any and all additional civil penalties and sums as provided

5               by the <u>Labor Code</u> and/or other relevant statutes.

6       92.      In addition, Plaintiff seeks and is entitled to seventy-five percent (75%) of all

7 penalties obtained under <u>Labor Code</u> §2699 to be allocated to the LWDA, for education of

8 employers and employees about their rights and responsibilities under the <u>Labor Code,</u> and

9 twenty-five percent (25%) to Plaintiff and all other similarly situated aggrieved employees.

10       93.      Further, Plaintiff is entitled to recover reasonable attorneys' fees and costs

11 pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute.

12       94.      <u>Labor Code</u> §2699.3(a) states in pertinent part: "A civil action by an aggrieved

13 employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

14 listed in Section 2699.5 shall commence only after the following requirements have been met:

15 (1) (A) The aggrieved employee or representative shall give written notice by online filing with

16 the Labor and Workforce Development Agency and by certified mail to the employer of the

17 specific provisions of this code alleged to have been violated, including the facts and theories to

18 support the alleged violation."

19       95.      <u>Labor Code</u> §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved

20 employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

21 other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall

22 commence only after the following requirements have been met: (1) (A) The aggrieved

23 employee or representative shall give written notice by online filing with the Labor and

24 Workforce Development Agency and by certified mail to the employer of the specific provisions

25 of this code alleged to have been violated, including the facts and theories to support the alleged

26 violation."

27       96.      Here, Plaintiffs' civil action alleges violations of provisions listed in <u>Labor Code</u>

28 §2699.5 and violations of provisions other than those listed in <u>Labor Code</u> §2699.5. As such,

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1 | Labor Code §2699.3(a) and §2699.3(c) apply to this action.

2 |       97.     On August 6, 2020, Plaintiffs complied with Labor Code §2699.3(a) and Labor

3 | Code §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and by

4 | certified mail to Defendants of the specific provisions of the Labor Code alleged to have been

5 | violated, including the facts and theories to support the alleged violations. Attached hereto as

6 | Exhibit "1" is Plaintiffs' LWDA letter.

7 |       98.     Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall

8 | notify the employer and the aggrieved employee or representative by certified mail that it does

9 | not intend to investigate the alleged violation within 60 calendar days of the postmark date of the

10 | notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided

11 | within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the

12 | aggrieved employee may commence a civil action pursuant to Section 2699."

13 |       99.     As of October 8, 2020 (65 calendar days after Plaintiffs' August 6, 2020 LWDA

14 | letter was filed online), Plaintiffs had not received any notification that the LWDA intended to

15 | investigate the alleged violations. As such, Plaintiffs have complied with Labor Code §2699.3(a)

16 | and have been given authorization therefrom to commence a civil action which includes a cause

17 | of action pursuant to Labor Code §2699.

18 |      100.   Further, as of September 8, 2020 (33 calendar days after Plaintiffs' August 6,

19 | 2020 LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received

20 | from Defendants written notice by certified mail that the alleged violations have been cured,

21 | including a description of actions taken. As such, Plaintiffs have complied with Labor Code

22 | §2699.3(c) and have been given authorization therefrom to commence a civil action which

23 | includes a cause of action pursuant to Labor Code §2699.

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

## SEVENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (On Behalf of the 17200 Class)

### (Against All Defendants)

101.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

102.    <u>B&PC</u> §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

103.    <u>B&PC</u> §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

104.    <u>B&PC</u> §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

105.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by <u>B&PC</u> §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the <u>Labor Code</u> and/or the <u>IWC Wage Orders</u>, as specifically described herein.

106.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

107.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

108.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

109.     Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

110.     Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

111.     Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

112.     Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.     That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Wages Due To Illegal Rounding:

b.     For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

c.     For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

d.     For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

e.     For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

f.     For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1   <u>As to the Second Cause of Action for Failure to Provide Meal Periods</u>:

2       g.   For one (1) hour of pay at the regular rate of compensation for each member of the

3              Meal Period Class for each workday that a meal or rest period was not provided;

4       h.   For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CC</u> §3287;

5   <u>As to the Third Cause of Action for Failure to Authorize and Permit Paid Rest Periods</u>:

6       i.   For one (1) hour of pay at the regular rate of compensation for each member of the

7              Rest Period Class for each workday that a meal or rest period was not provided;

8       j.   For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CC</u> §3287;

9   <u>As to the Fourth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage</u>

10  <u>Statements</u>:

11      k.   For recovery as authorized by <u>Labor Code</u> §226(e);

12      l.   For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u>

13             §226(e) and/or §226(g);

14  <u>As to the Fifth Cause of Action for Violations of Labor Code §203</u>:

15      m.   For recovery as authorized by <u>Labor Code</u> §203;

16  <u>As to the Sixth Cause of Action for Penalties Pursuant to Labor Code §2699</u>:

17      n.   As applicable, for civil penalties pursuant to <u>Labor Code</u> §2699(f), in addition to

18             and entirely independent and apart from other penalties in the <u>Labor Code</u> and for

19             <u>Labor Code</u> violations without a specific civil penalty, in the amount of $100 for

20             each aggrieved employee per pay period for each violation, and $200 for each

21             aggrieved employee per pay period for each subsequent violation;

22      o.   As applicable, for civil penalties pursuant to <u>Labor Code</u> §558, in addition to and

23             entirely independent and apart from other penalties in the <u>Labor Code</u>, as follows:

24          i   For any initial violation, fifty dollars ($50) for each aggrieved underpaid

25              employee for each pay period for which the employee was underpaid; and

26          ii.  For each subsequent violation, one hundred dollars ($100) for each aggrieved

27              underpaid employee for each pay period for which the employee was

28              underpaid;

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
BARNES@KBARNES.COM

- 28 -

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

p.    As applicable, for civil penalties pursuant to <u>Labor Code</u> §1197.1, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, as follows:

    i.    For any initial violation that is intentionally committed, $100 for each aggrieved underpaid employee for each pay period for which the employee was underpaid; and

    ii.   For each subsequent violation, regardless of whether the initial violation is intentionally committed, $250 for each aggrieved underpaid employee for each pay period for which the employee was underpaid;

q.    As applicable, for civil penalties pursuant to <u>Labor Code</u> §210, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

r.    As applicable, for civil penalties pursuant to <u>Labor Code</u> §226.3, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

s.    As applicable, for civil penalties pursuant to <u>Labor Code</u> §552, in addition to and entirely independent and apart from any other penalties in the <u>Labor Code</u> (which states "No employer of labor shall cause his employees to work more than six days in seven" because Defendants did in fact cause Plaintiff and the similarly situated aggrieved employees to work more than six days in seven), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation;

t.    As applicable, for reasonable attorneys' fees and costs incurred pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute; and

u.    For such relief as this Court may deem just and proper;

///

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

As to the Seventh Cause of Action for Unfair Business Practices:

v.   For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

w.   For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

x.   For an Order requiring Defendants to make full restitution and payment pursuant to California law;

y.   For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

z.   For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

aa.  For all other appropriate injunctive, declaratory and equitable relief;

bb.  For interest to the extent permitted by law;

cc.  For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to All Causes of Action:

dd.  For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

## VII.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: October 9, 2020                LAW OFFICES OF KEVIN T. BARNES

By: _____
Kevin T. Barnes, Esq.
Gregg Lander, Esq.
Attorneys for Plaintiffs

**BRUMBACH V. HYATT CORPORATION - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

.

# EXHIBIT 1

LAW OFFICES OF

# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER

———

OF COUNSEL:
JOSEPH ANTONELLI

1635 PONTIUS AVENUE, 2ND FLOOR
LOS ANGELES, CALIFORNIA 90025-3361

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 / FAX: (323) 549-0101

A Professional Law Corporation

———

www.kbarnes.com

———

Barnes@kbarnes.com

August 6, 2020

**VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)**

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Re:   HYATT CORPORATION d/b/a "Manchester Grand Hyatt San Diego" (hereafter, the "Employer")

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE §2699.3

To:   PAGA Administrator, California Labor and Workforce Development Agency and the Employer

From:  MICHAEL BRUMBACH (the "Employee"), who was subjected to the wage and hour practices set forth below

The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California Labor Code §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

During the applicable time period, the Employer employed the Employee and all other similarly situated aggrieved employees as hourly-paid, non-exempt employees, including but not limited to Bartenders, barbacks, waiters, cocktail servers, server assistants, food runners & bouncers at the Employer's California facilities (including but not limited to the Top of the Hyatt, Grand Lobby Bar, Sally's Fish House, Brew 30, and Pool Bar), and utilized consistent policies and procedures regarding the Employee and all such other similarly situated aggrieved employees, as follows:

First, the Employer utilized a time rounding policy that ignored employees' actual time punches and rounded their time. This policy (combined with the fact that employees often arrived early and/or worked late) resulted in a disproportionate impact which does not average out over a period of time, is not fair and neutral on its face, and is used in such a manner that it will not result in failure to compensate for all time actually worked over a period of time. As such, the Employer violated Labor Code §§204, 510, 1194, 1197, 1198 and the applicable Industrial Wage Order, and owes penalties pursuant to Labor Code §§2699(f) and/or 558.

Second, the Employer failed to timely provide all legally compliant meal breaks (including second meal breaks) to the Employee and all other similarly situated aggrieved employees. The Employee and all other similarly situated aggrieved employees routinely worked over five hours but did not always get full thirty minute uninterrupted meal breaks within the first five hours of their shift. Further, they sometimes worked over ten hours but were not timely provided a legally compliant second meal break. The Employer did not always pay a meal period penalty for these violations. As such, the Employer violated Labor Code §§226.7, 512 and 516 and the applicable Industrial Wage Order, ¶11, and owes penalties pursuant to Labor Code §§2699(f) and/or 558.

Third, the Employer failed to always provide paid rest breaks to the Employee and all other similarly situated aggrieved employees. The Employee and all other similarly situated aggrieved employees did not always get full ten minute uninterrupted rest breaks within the first four hours of their shift or major fraction thereof, and each subsequent four hours worked thereafter or major fraction thereof. As such, the Employee and all other similarly situated aggrieved employees were not always provided legally compliant rest breaks. The Employer did not pay a rest period penalty for any of these violations. As such, the Employer violated Labor Code §§226.7 and 516, and the applicable Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to Labor Code §§2699(f) and/or 558.

PAGA Administrator
Re: Hyatt Corporation
August 3, 2020
Page 2

As a derivative result of some or all of the above claim(s), the Employer has also allegedly violated Labor Code §226 and §§201-203, as follows:

Regarding wage statements, pursuant to Labor Code §226 and the applicable Industrial Wage Order, the Employer is required to include certain information on a paystub. Here, because the Employer allegedly failed to pay all wages as set forth above, improper paystubs were issued by the Employer to the Employee and all other similarly situated aggrieved employees, and the Employee alleges that the Employer has derivatively violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f) and/or 226.3.

Regarding waiting time penalties, pursuant to Labor Code §203, the Employee and all other similarly situated aggrieved employees are entitled to thirty day of wages at their regular rate of pay for the Employer's alleged failure to pay all wages due upon separation of employment. Here, because the Employer allegedly failed to pay all wages as set forth above, the Employee alleges that the Employer has derivatively violated Labor Code §§201-203, and owes penalties pursuant to Labor Code §§2699(f) and/or 203.

Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations.

Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

In addition, this letter clearly sets forth the Employee's grievances and proposed remedies, pursuant to the Labor Code, PAGA and otherwise, as set forth above. The Employee would like to engage in reasonable efforts to settle this dispute before filing a civil action against the Employer. The Employee gives the Employer the opportunity, prior to the expiration of the deadline for the LWDA to investigate, to meet the Employee's demands and settle this dispute.

We understand that if we do not receive a response within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

Thank you for your consideration.

Very Truly Yours,

Kevin T. Barnes
Gregg Lander

cc: (via Certified Mail)
Hyatt Corporation
d/b/a "Manchester Grand Hyatt San Diego"
Legal Department
150 North Riverside Plaza, 14th Floor
Chicago, IL 60606

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7073 | |

PLAINTIFF(S) / PETITIONER(S):   Michael D Brumbach

DEFENDANT(S) / RESPONDENT(S):  Hyatt Corporation

BRUMBACH VS HYATT CORPORATION [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2020-00036271-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Joel R. Wohlfeil                                    Department: C-73

## COMPLAINT/PETITION FILED: 10/09/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/11/2021 | 01:30 pm | C-73 | Joel R. Wohlfeil |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 01-17)                                                                                                Page: 1

**NOTICE OF CASE ASSIGNMENT**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2020-00036271-CU-OE-CTL      CASE TITLE: BRUMBACH VS HYATT CORPORATION [IMAGED]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  •   In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
  •   In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:    Central | |

| | |
|---|---|
| PLAINTIFF(S):   Michael D Brumbach | |
| DEFENDANT(S): Hyatt Corporation DBA MANCHESTER GRAND HYATT SAN DIEGO | |
| SHORT TITLE:   BRUMBACH VS HYATT CORPORATION [IMAGED] | |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2020-00036271-CU-OE-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                  Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

- [ ] Mediation (court-connected)
- [ ] Mediation (private)
- [ ] Voluntary settlement conference (private)
- [ ] Neutral evaluation (private)
- [ ] Non-binding private arbitration
- [ ] Binding private arbitration
- [ ] Non-binding judicial arbitration (discovery until 15 days before trial)
- [ ] Non-binding judicial arbitration (discovery until 30 days before trial)

- [ ] Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                         Name of Defendant

_____          _____
Signature                                              Signature

_____          _____
Name of Plaintiff's Attorney                              Name of Defendant's Attorney

_____          _____
Signature                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/13/2020                         _____
                                              JUDGE OF THE SUPERIOR COURT