| | |
|---|---|
| MICHAEL D. BRUMBACH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, a Delaware corporation doing business as Manchester Grand Hyatt San Diego; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 20-cv-2231-WQH-KSC<br><br>**ORDER** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HAYES, Judge:

The matter before the Court is the Motion to Stay Proceedings filed by Defendant Hyatt Corporation. (ECF No. 22).

**I.　BACKGROUND**

　　**a.　*Crump v. Hyatt Corp.***

On December 6, 2019, Christine Crump filed a wage and hour class action complaint against Hyatt Corporation ("Hyatt") and Does 1 through 100 in the Alameda County

Superior Court (the "*Crump* Action"). (*See* Afar Decl., ECF No. 22-1 ¶ 3). Hyatt removed the *Crump* Action to the United States District Court for the Northern District of California, assigned case number 4:20-cv-00295-HSG. (*Id.*). On August 5, 2020, Crump filed the operative first amended complaint ("FAC"). (Ex. A to Afar Decl., ECF No. 22-1 at 5).

Crump alleges that Hyatt failed to pay earned wages to hourly, non-exempt employees throughout California. Crump brings individual and class claims against Hyatt and Does 1 through 100 for violations of the California Labor Code and IWC Wage Orders including: 1) failing to provide meal periods; 2) failing to provide rest periods; 3) failing to pay minimum wage; 4) failing to pay timely wages upon termination; 5) failing to pay timely wages; 6) failing to provide accurate itemized wage statements; and 7) failing to keep accurate and complete payroll records. Crump further brings derivative claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and the Private Attorneys General Act of 2004 ("PAGA").

On May 6, 2021, Crump filed a motion for class certification. (Ex. 1 to Lander Decl., ECF No. 23-1 at 5). Crump seeks certification of the following three classes:

> **Uniform Class:** all current and former hourly-paid or non-exempt uniformed colleagues who worked for Defendant [Hyatt] within the State of California at any time during the period from December 6, 2015 to the present.
>
> **Rounding Class:** all current and former hourly-paid or non-exempt employees who worked for Defendant [Hyatt] within the State of California at any time during the period from December 6, 2015 to June 1, 2019.
>
> **Meal and Rest Break Class:** all current and former hourly-paid or non-exempt employees who worked for Defendant [Hyatt] within the State of California at any time during the period from December 6, 2015 to the present.

(*Id.* at 14). A hearing on the motion for class certification is set for September 9, 2021. (*See* Afar Decl., ECF No. 22-1 ¶ 4).

### b. *Brumbach v. Hyatt Corp.*

On October 9, 2020, Plaintiff Michael D. Brumbach filed a wage and hour Class Action Complaint against Defendants Hyatt and Does 1 through 100 in the San Diego

County Superior Court (the "*Brumbach* Action"). (Ex. A to Notice of Removal, ECF No. 1-2 at 6). Brumbach alleges that Hyatt failed to pay earned wages to hourly, non-exempt employees at the Manchester Grand Hyatt in San Diego. Brumbach brings individual and class claims against Hyatt and Does 1 through 100 for violations of the California Labor Code and IWC Wage Orders including: 1) failing to pay minimum and overtime wages; 2) failing to provide meal periods; 3) failing to provide rest periods; 4) failing to provide accurate itemized wage statements; and 5) failing to pay timely wages upon termination. Brumbach further brings derivative claims under the UCL and PAGA. Brumbach seeks to represent the following classes:

> All California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, to whom Defendants applied a time rounding policy and practice as specifically described herein (hereinafter, the "Rounding Class");

> All California citizens employed by Defendants as hourly-paid, non-exempt employees who worked as bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendants' job positions with substantially similar titles and/or duties as these during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego restaurants/cocktail lounges (including but not limited to Top of the Hyatt, GrandEats, Sally's Fish House & Bar, Brew30 California Taps, The Landing, Seaview, and Pool Bar & Grill) only, who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

> All California citizens employed by Defendants as hourly-paid, non-exempt employees who worked as bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendants' job positions with substantially similar titles and/or duties as these during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego restaurants/cocktail lounges (including but not limited to Top of the Hyatt, GrandEats, Sally's Fish House & Bar, Brew30 California Taps, The Landing, Seaview, and Pool Bar & Grill) only, who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

> All California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, who were subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");
>
> All formerly-employed California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, who were subjected to Defendants' policies and practices regarding Labor Code § 203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class"); and
>
> All California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego only, regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC § 17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

(*Id.* ¶ 25).

On November 16, 2020, Hyatt removed the *Brumbach* Action to this Court. (ECF No. 1). On April 22, 2021, Hyatt filed a Motion to Stay Proceedings. (ECF No. 22). On May 11, 2021, Brumbach filed an Opposition to the Motion to Stay Proceedings. (ECF No. 23). On May 18, 2021, Hyatt filed a Reply. (ECF No. 25).

## II. CONTENTIONS

Defendant Hyatt contends that the Court should stay the *Brumbach* Action pursuant to the first-to-file rule, pending a ruling on class certification in the earlier-filed *Crump* Action. Hyatt contends that the class claims in the *Brumbach* Action would be "completely extinguish[ed]" if the court in the *Crump* Action grants the motion for class certification. (ECF No. 22 at 12). Hyatt contends that the first-to-file factors favor a stay, and a stay would serve the interests of justice and promote judicial economy. In the alternative, Hyatt

contends that the Court should stay the *Brumbach* Action pursuant to the Court's inherent power.

Plaintiff Brumbach contends that the Court should allow the *Brumbach* Action to proceed. Brumbach contends that the first-to-file factors do not favor a stay. Brumbach contends that the putative class in the *Brumbach* Action constitutes less than 10% of the putative class in the *Crump* Action, and the factual bases for the claims in each action differ. Brumbach contends that class certification in the *Crump* Action may be denied, and the delay caused by a stay would allow the claims of class members in the *Brumbach* Action to "needlessly remain outstanding." (ECF No. 23 at 9).

## III. LEGAL STANDARD

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Under the first-to-file rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Bozic v. U.S. Dist. Court*, 888 F.3d 1048, 1051-52 (9th Cir. 2018) (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)), *as corrected* (Mar. 4, 2019). Courts analyze three factors in determining whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

"The most basic aspect of the first-to-file rule is that it is discretionary . . . ." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991), *amended*, 1991 U.S. App. LEXIS 25517 (9th Cir. Oct. 31, 1991). However, the rule "serves the purpose of promoting efficiency [] and should not be disregarded lightly." *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *as amended on denial of reh'g* (Apr. 7, 1980), *overruled in part on other grounds by Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987 (9th Cir. 2016). "When applying the first-to-file rule, courts should be driven to

maximize 'economy, consistency, and comity.'" *Kohn Law Grp.*, 787 F.3d at 1240 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). The court may "dispense with the first-filed principle for reasons of equity," including if the first lawsuit was filed in bad faith, was anticipatory, or involved forum shopping. *See Alltrade*, 946 F.2d at 628. "The decision and the discretion belong to the district court." *Id.*

## IV. DISCUSSION

The parties agree that the *Crump* Action is the first-filed action. The *Crump* Action was filed on December 6, 2019. The *Brumbach* Action was filed on October 9, 2020. The *Crump* Action predates the *Brumbach* Action and is the first-filed action.

Defendant Hyatt contends that the parties in the *Crump* Action and the *Brumbach* Action are substantially similar because Hyatt is a defendant in both actions, and "the putative class and class period in the *Brumbach* Action are fully encompassed by the putative class and class period in the *Crump* Action." (ECF No. 22 at 12). Plaintiff Brumbach agrees that the putative class in the *Crump* Action includes the putative class in the *Brumbach* Action. However, Brumbach contends that the parties are not substantially similar because the putative class in the *Brumbach* Action is significantly smaller.

"[T]he first-to-file rule does not require exact identity of the parties." *Kohn Law Grp.*, 787 F.3d at 1240. The second first-to-file factor "is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013) (alteration in original); *see Kohn Law Grp.*, 787 F.3d at 1240 (finding substantial similarity of the defendants where the "first-filed case contained a defendant not named in the second case").

In class actions, the court compares the classes for substantial similarity, not the class representatives. *See, e.g.*, *Fefferman v. Dr Pepper Snapple Grp., Inc.*, No. 3:13-CV-00160-H (KSC), 2013 U.S. Dist. LEXIS 193961, at *13 (S.D. Cal. Mar. 12, 2013) ("[T]he parties are substantially the same because the named plaintiff and putative class in this lawsuit are all part of the putative class in the [first] lawsuit."); *but see Farrar v. Catalina Rest. Grp.,*

6

*Inc.*, No. 15cv2407-L(RBB), 2016 U.S. Dist. LEXIS 60606, at *3-4 (S.D. Cal. May 2, 2016) (declining to apply the first-to-file rule and stating that "no class action has been certified in either of the cases, [so] reliance on the scope of the plaintiff class is premature. . . . [T]he Court has no basis to conclude that the parties are substantially similar").

In the earlier-filed *Crump* Action, the pending motion for class certification seeks certification of three classes:

> **Uniform Class:** all current and former hourly-paid or non-exempt uniformed colleagues who worked for Defendant [Hyatt] within the State of California at any time during the period from December 6, 2015 to the present.
>
> **Rounding Class:** all current and former hourly-paid or non-exempt employees who worked for Defendant [Hyatt] within the State of California at any time during the period from December 6, 2015 to June 1, 2019.
>
> **Meal and Rest Break Class:** all current and former hourly-paid or non-exempt employees who worked for Defendant [Hyatt] within the State of California at any time during the period from December 6, 2015 to the present.

(Ex. 1 to Lander Decl., ECF No. 23-1 at 14).

In the later-filed *Brumbach* Action, Brumbach seeks to represent four classes of "[a]ll California citizens employed by Defendants as hourly-paid, non-exempt employees during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego" who were subject to the allegedly unlawful rounding policy, wage statement violations, failure to pay wages upon termination, or UCL violations. (Ex. A to Notice of Removal, ECF No. 1-2 ¶ 25). Brumbach further seeks to represent two classes of "[a]ll California citizens employed by Defendants as hourly-paid, non-exempt employees who worked as bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendants' job positions with substantially similar titles and/or duties as these during the appropriate time period at Defendants' Manchester Grand Hyatt San Diego restaurants/cocktail lounges" who were subject to the alleged meal and rest period violations. (*Id.*). Brumbach alleges that wage and hour violations occurred from "four (4) years preceding the filing of the original Complaint"—October 9, 2016—"up to and

through the time of trial." (*Id.* ¶ 3). Brumbach further alleges that Defendants had an unlawful rounding policy "until at least approximately June 1, 2019." (*Id.* ¶ 40).

Named Plaintiff Brumbach and all of the members of the six putative classes in the *Brumbach* Action are members of one or more of the putative classes in the *Crump* Action. Crump seeks to represent all of the individuals that Brumbach seeks to represent. Hyatt is the sole named defendant in both actions. The Court concludes that there is substantial similarity of the parties.

Defendant Hyatt contends that the issues in the *Crump* Action and the *Brumbach* Action are substantially similar because the claims are identical. Hyatt contends that the factual theories in the *Crump* Action and the *Brumbach* Action are substantially similar, and additional or different factual theories are not relevant. Plaintiff Brumbach contends that the issues in the *Crump* Action and the *Brumbach* Action are not substantially similar because the factual bases for some claims are distinct. Brumbach contends that the unpaid wages claim in the *Crump* Action is based in part "on alleged donning and doffing of uniforms," which is not alleged in the *Brumbach* Action. (ECF No. 23 at 12). Brumbach contends that "*Crump*'s meal and rest break claims are based on the alleged interruption of employees' breaks, not on a uniform policy of simply not providing breaks at all like in *Brumbach*." (*Id.*).

"The issues in both cases [] need not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1241. "To determine whether two suits involve substantially similar issues, [the court] look[s] at whether there is 'substantial overlap' between the two suits." *Id.* (quoting *Harris County v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 319 (5th Cir. 1999), *as amended* (June 23, 1999)); *see Dang v. Pontier*, No. 19CV1519-GPC(AHG), 2020 U.S. Dist. LEXIS 238715, at *9 (S.D. Cal. Dec. 18, 2020) (finding substantial similarity of the issues where "Pontier adds additional facts to support his claims, [but] the allegations all arise from Dang's representation of Pontier in his personal injury action"), *appeal filed* (Jan. 13, 2021).

In this case, all of the claims alleged in the later-filed *Brumbach* Action are alleged

in the earlier-filed *Crump* Action. The claims in both cases arise from Hyatt's alleged violations of California labor laws as to hourly employees in California. The plaintiffs in both actions allege that Hyatt improperly rounded time against hourly employees, failed to pay at least minimum wage for all time worked, failed to provide meal and rest breaks or compensate for missed meal and rest breaks, failed to keep accurate payroll records, failed to provide timely and accurate wage statements, and failed to timely pay wages upon termination. Plaintiff Crump further alleges that Hyatt failed to compensate employees for required pre-shift activities and required employees to be on-call and to assist customers during meal and rest breaks. There is substantial overlap between the *Crump* Action and the *Brumbach* Action. The Court concludes that there is substantial similarity of the issues. The Court concludes that all three first-to-file factors are met.

## V. EQUITABLE CONSIDERATIONS

Defendant Hyatt contends that a stay of the *Brumbach* Action pending a ruling on class certification in the *Crump* Action will serve the interests of justice and promote judicial economy. Hyatt contends that the class claims in the *Brumbach* Action will be "completely extinguish[ed]" if the court in the *Crump* Action grants the motion for class certification, and discovery or motions in the *Brumbach* Action would be unnecessary and duplicative. (ECF No. 22 at 12). Plaintiff Brumbach contends that a stay would unnecessarily delay the *Brumbach* Action and the payment of earned wages to class members. Brumbach contends that the *Brumbach* Action is proceeding more quickly than the *Crump* Action, and delay caused by a stay could result in lost evidence. Brumbach contends that Hyatt would not be harmed if the *Brumbach* Action proceeds, and Hyatt could renew its Motion to Stay Proceedings depending on the outcome of the motion for class certification in the *Crump* Action.

The purpose of the first-to-file rule is to enhance "efficiency and judicial economy." *Bozic*, 888 F.3d at 1052 (quoting *Cedars-Sinai Med. Ctr.*, 125 F.3d at 769). "[D]istrict judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Alltrade*, 946 F.2d at 628. Equitable circumstances under which courts

have declined to apply the first-to-file rule include when the first lawsuit was filed in bad faith, was anticipatory, or involved forum shopping, "when the later-filed action has progressed further," or where "the balance of convenience weighs in favor of the later-filed action." *Guthy-Renker Fitness LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998); *see Alltrade*, 946 F.2d at 628.

The Court concludes that none of the exceptions to the first-to-file rule apply in this case. A motion for class certification is pending in the *Crump* Action, and the court has set a hearing date of September 9, 2-21. If the motion for class certification is granted, the putative classes in the *Brumbach* Action will be subsumed by the classes in the *Crump* Action, and Plaintiff Brumbach will be unable to assert the class claims alleged in the *Brumbach* Action. Under these circumstances, any inconvenience caused by a stay is outweighed by the importance of conservation of judicial resources and the comprehensive disposition of litigation. The Court declines to exercise its discretion to depart from the first-to-file rule. *See Church of Scientology*, 611 F.2d at 750 (the first-to-file rule "should not be disregarded lightly"). The Court concludes that a stay of the *Brumbach* Action pending a ruling on the motion for class certification in the *Crump* Action is warranted.

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay Proceedings filed by Defendant Hyatt Corporation (ECF No. 22) is granted. This case is stayed pending a ruling on the motion for class certification in the *Crump* Action.

///

///

///

///

IT IS FURTHER ORDERED that the parties shall file a status report on the status of the *Crump* Action on September 10, 2021, and every sixty days thereafter. The parties shall further file a status report within five days of the court's ruling on the motion for class certification in the *Crump* Action. The stay will remain until further order of the Court. Any party may move to lift the stay at any time for good cause.

Dated: July 8, 2021

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court