UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. BRUMBACH, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, a Delaware corporation doing business as Manchester Grand Hyatt San Diego; and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No.:  20-cv-2231-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

On December 18, 2023, named Plaintiff Michael D. Brumbach, on behalf of himself and all others similarly situated (hereinafter, collectively "Plaintiff"), filed the Motion for Preliminary Approval of Class and Representative Action Settlement. (ECF No. 51.) The docket reflects that no opposition to the Motion has been filed.

The Court has reviewed and considered the Memorandum of Points and Authorities in support of the Motion, the Declaration of Counsel and the exhibits in support of the Motion, including the Stipulation and Settlement of Class and Representative Action ("Settlement") between Plaintiff and Defendant Hyatt Corporation dba "Manchester Grand

Hyatt San Diego" ("Defendant") (Plaintiff and Defendant shall be referred to collectively as the "Parties").

This Order hereby incorporates by reference the definitions in the Settlement Agreement as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

NOW THEREFORE, having read and considered the foregoing, the Court **HEREBY MAKES THE FOLLOWING FINDINGS:**

1.      The Court finds on a preliminary basis that the proposed Settlement falls within the range of reasonableness, and the terms of the Settlement, as set forth in the Settlement Agreement, are presumptively fair, adequate, and reasonable to the Class and, therefore, meet the requirements for preliminary approval, subject to any objections that may be raised before or at the Final Fairness and Approval Hearing. It appears to the Court that the Settlement's terms are fair, adequate, and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation, given the risks relating to liability and damages. It further appears that extensive investigation and research has been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that the Settlement at this time would avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further prosecution of the Action. It appears that the Settlement has been reached as a result of intensive, arm's-length negotiations utilizing an experienced third party neutral.

The Court further finds, for settlement purposes only, that under the provisions of Federal Rule of Civil Procedure 23, the Court has discretion to certify a Class where questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. Proc. 23(b)(3). Certification of a Class is the appropriate judicial device under these circumstances.

2.      Therefore, the Court certifies, for settlement purposes only, the following

Class described in the Motion for Preliminary Approval and Settlement Agreement:

The Settlement Class is as follows:

All hourly-paid, non-exempt employees who worked as bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendant's job positions with substantially similar titles and/or duties as these at Defendant's Manchester Grand Hyatt San Diego restaurants/cocktail lounges during the Class Period (defined as October 9, 2016, through December 30, 2023). It shall be an opt-out class.

3.      The Court further finds that the moving papers presented for the Court's review set forth a plan to provide proper notice to the Class of the terms of the Settlement and the options available to the Class, including the ability of the Class Members to Opt-Out or submit a Request for Exclusion to the Settlement and not be bound by the Settlement Agreement or receive any Settlement Payment under it; to object to the terms of the Settlement; or to do nothing and receive a Settlement Payment and be bound by the terms of the Settlement. Plaintiff has submitted to the Court a proposed Notice of Class Settlement.

As a result, for good cause appearing, **IT IS HEREBY ORDERED** that:

1.      The Motion for Preliminary Approval of Class and Representative Action Settlement (ECF No. 51) is granted.

2.      The Court hereby preliminarily approves the proposed Settlement upon the terms, conditions, and all release language set forth in the Settlement Agreement attached hereto as **Exhibit 1**.

3.      The Court conditionally certifies and approves, for settlement purposes only, the Class described above.

4.      For the purposes of this Settlement, the Law Offices of Kevin T. Barnes ("Class Counsel") is hereby appointed as Class Counsel and shall represent the Class Members in this Action. Any Class Member may enter an appearance in the Action, at their own expense, either individually or through counsel of their own choice; however, if they do not enter an appearance, they will be represented by Class Counsel.

5.      For the purposes of this Settlement, Plaintiff Michael D. Brumbach is hereby appointed as Class Representative for the Class.

6.      The Court appoints Rust Consulting Inc. to be the Settlement Administrator. The procedures for paying the Settlement Administrative Costs, as set forth in the Settlement Agreement, are approved. Rust Consulting Inc. is directed to perform all responsibilities of the Settlement Administrator as set forth in the Settlement Agreement.

7.      The Court hereby approves, as to form and content, the Notice of Class and Representative Action Settlement attached as **Exhibit A to the Settlement Agreement** ("Notice"). The Court finds that the dates and procedure for mailing and distributing the Notice of in the manner set forth in Paragraph 7 of this Order meets the requirements of due process and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8.      The Court directs the mailing of the Court-approved Notice via first class mail to the Class Members in accordance with the schedule and procedures set forth in the Settlement Agreement.

      a. Within twenty-one (21) calendar days of the date of preliminary approval of this Settlement, Defendant shall provide to the Settlement Administrator the Class Lists; and

      b. Within fourteen (14) calendar days of receiving the Class Lists from Defendant, the Settlement Administrator shall mail, by First-Class United States mail, the Notice to each Class Member. The Settlement Administrator shall conduct a National Change of Address database search before mailing the Notices and will also use the most recent address available to the Settlement Administrator for mail delivery. Any returned mail with a forwarding address from the U.S. postal service shall be promptly re-mailed to the new address. The Settlement Administrator shall perform a skip trace search for a new address for any returned mail without a forwarding address.

4

9.      The procedures for Class Members to Opt-Out or submit a Request for Exclusion, as set forth in the Notice, are approved. The time for Class Members to Opt-Out of the Settlement, or submit a Request for Exclusion from the Settlement, shall be forty-five (45) days after the date of the first mailing of the Notices.

10.      The procedures for Class Members to object to the Settlement, as set forth in the Notice, are approved. The time for Class Members to object to the Settlement shall be forty-five (45) days after the date of the first mailing of the Notices.

11.      The procedures for Class Members to dispute the number of workweeks worked, as set forth in the Notice are approved. The time for Class Members to submit a workweek dispute shall be forty-five (45) days after the date of the first mailing of the Notices.

12.      The Court hereby preliminarily approves the definition and disposition of the Class Settlement Amount as that term is defined in the Settlement Agreement. The Court preliminarily approves the distribution of the Class Settlement Amount, all subject to the Court's final approval of the Settlement at the Final Approval Hearing. Assuming the Settlement receives final approval, Defendant shall be required to pay only the Class Settlement Amount in the total amount of $885,000 plus the employer's share of taxes due as a result of this Settlement.

13.      A Final Approval Hearing (the "Hearing") shall be held on **July 31, 2024, at 1:30 p.m.** before the Honorable William Q. Hayes in the United States District Court for the Southern District of California, Courtroom 14B of the James M. Carter and Judith N. Keep United States Courthouse, located at 333 West Broadway, San Diego, California 92101. The purpose of such Hearing will be to: (a) determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable, and adequate; (b) determine the reasonableness of Class Counsels' request for attorneys' fees and costs and the amount to be awarded; (c) determine the reasonableness of the Class Representative's Service Award requested for the Class Representative and the amounts to be awarded; and, (d) order entry of Judgment in the Class and Representative Action, which shall

constitute a complete release and bar with respect to the Released Claims.

14.    Class Counsel shall file and serve all papers in support of the Motion for Final Approval and any application for reimbursement of attorneys' fees and costs, including any costs associated with or incurred by the Settlement Administrator, by **June 27, 2024**. Any response to any motion or application shall be filed by **July 5, 2024**.

15.    Class Counsel shall file and serve a declaration from the Settlement Administrator as to all participation, objections, and opt outs by Class Members by **June 20, 2024**.

16.    The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. However, Class Counsel and/or the Settlement Administrator will give notice to any objecting party of any continuance of the Final Approval Hearing.

17.    All further proceedings in this Action shall be stayed except such proceedings necessary to review, approve, and implement this Settlement.

18.    In the event: (i) the Court does not finally approve the Settlement as contemplated by the Settlement Agreement; (ii) the Court does not enter a Final Approval Order as contemplated by the Settlement Agreement, which becomes final as a result of the occurrence of the Effective Date (as that term is defined by in the Settlement Agreement); or, (iii) the Settlement does not become final for any other reason, the Settlement and any related certification of Class for purposes of the Settlement, shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be deemed as void from the beginning. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement, and the Parties shall proceed in all respects as if no Class had been certified and the Settlement Agreement had not been executed.

19.    Neither the Settlement, preliminarily approved or not, nor any exhibit,

document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Settlement, shall be admissible in evidence for any reason except as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  March 18, 2024

Hon. William Q. Hayes
United States District Court

20-cv-2231-WQH-KSC

EXHIBIT 1

**STIPULATION AND SETTLEMENT**

**OF CLASS AND REPRESENTATIVE ACTION**

Subject to final approval by the Court, which counsel and the Parties agree to diligently pursue and recommend in good faith, Plaintiff Michael D. Brumbach on behalf of himself and all others similarly situated (hereafter, "Plaintiff"), on the one hand, and Defendant Hyatt Corporation dba "Manchester Grand Hyatt San Diego," (hereafter, "Defendant"), on the other hand (collectively, the "Parties" and individually, a "Party"), hereby agree to the following binding settlement of the Action titled *Michael D. Brumbach v. Hyatt Corporation dba "Manchester Grand Hyatt San Diego,"* United States District Court – Southern District of California, Case No. 3:20-cv-02231-WQH-KSC (referred to as the "Action"), pursuant to the terms and conditions set forth below (the "Settlement Agreement" or "Settlement").

**I.    Definitions.**

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement will also be effective:

**A.    "Action."**

The case entitled *Michael D. Brumbach v. Hyatt Corporation dba "Manchester Grand Hyatt San Diego,"* United States District Court – Southern District of California, Case No. 3:20-cv-02231-WQH-KSC.

**B.    "Attorneys' Fees and Costs."**

The attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsels' litigation and resolution of the Action, and all costs incurred and to be incurred by Class Counsel in the Action, including, but not limited to, costs associated with documenting the Settlement, providing any notices required as part of the Settlement or Court's Order, securing the Court's approval of the Settlement, administering the Settlement, any expert expenses, and securing judgment of the Action. Class Counsel will request attorneys' fees of twenty five percent (25%) of

- 1 -

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

1  the eight hundred eighty five thousand ($885,000) dollar Gross Class Settlement

2  Amount, which is a total of attorneys' fees of two hundred twenty one thousand

3  two hundred and fifty dollars ($221,250). The costs requested to be reimbursed will

4  not exceed thirty five thousand dollars ($35,000). The attorneys' fees and costs

5  awarded are subject to Court approval. Such Attorneys' Fees and Costs shall be

6  paid from the Gross Class Settlement Amount. Class Counsel will be issued an IRS

7  Form 1099 for the Attorneys' Fees and Costs detailed in this Section and shall be

8  solely and legally responsible for paying all applicable taxes on the payment made

9  pursuant to this Section.

10  The Court's approval of an attorneys' fees or costs award is not a material

11  term of the Settlement or this Agreement.  If the Court does not approve or

12  approves only a lesser amount than that requested by Class Counsel for attorneys'

13  fees or costs, the other terms of the Settlement and this Agreement shall still apply.

14  The Court's refusal to approve the attorneys' fees or costs award requested by Class

15  Counsel does not give the Class Representative, the Class Members, or Class

16  Counsel any basis to abrogate the Settlement or this Agreement.  Any amount of an

17  attorneys' fees and costs award requested by Class Counsel but unapproved by the

18  Court shall be allocated to the Net Settlement Amount.

19  **D.    "Class Counsel."**

20  The Law Offices of Kevin T. Barnes shall be appointed Class Counsel upon

21  approval by the Court.

22  **E.    "Class Lists."**

23  A complete list of all Class Members that Defendant will diligently and in

24  good faith compile from their records and provide to the Settlement Administrator

25  within twenty-one (21) calendar days after Preliminary Approval of this Settlement.

26  The Class Lists will be formatted in a readable Microsoft Office Excel spreadsheet

27  and will include each Class Member's full name, most recent mailing address,

28  telephone number, Social Security number, dates of employment (*i.e.*, hire date and

- 2 -

1    termination date, if applicable), approximate number of workweeks/pay periods for

2    each Class Member, and any other relevant information needed to calculate

3    settlement payments.

4    **F.    "Class Member(s)" or "Settlement Class."**

5    The settlement class herein consists of all hourly-paid, non-exempt

6    employees who worked as bartenders, barbacks, waiters, cocktail servers, server

7    assistants, food runners, bouncers, and any of Defendants' job positions with

8    substantially similar titles and/or duties as these at Defendants' Manchester Grand

9    Hyatt San Diego restaurants/cocktail lounges during the Class Period (defined as

10   October 9, 2016, through the date the Court grants Preliminary Approval of this

11   settlement, or December 30, 2023, whichever is earlier). It shall be an opt-out class.

12   **G.    "Class Period."**

13   The Class Period runs from October 9, 2016, through the date the Court

14   grants Preliminary Approval of this settlement, or December 30, 2023, whichever is

15   earlier.

16   **H.    "Class Representative Service Award."**

17   The amount to be paid to the named Plaintiff in recognition of his effort and

18   work in prosecuting the Action on behalf of Class Members and for their general

19   release of Settlement. Subject to the Court granting Final Approval of this

20   Settlement Agreement, the named Plaintiff will request Court approval of a Class

21   Representative Service Award in the amount of fifteen thousand dollars ($15,000)

22   for Michael D. Brumbach. The Class Representative's Service Award will be paid

23   from the Gross Class Settlement Amount and will be in addition to Plaintiff's

24   Individual Settlement Payment paid pursuant to the Settlement. Said Service Award

25   will result in the issuance of an IRS Form 1099 in connection with each of the Class

26   Representative's Service Award. Plaintiff shall be solely and legally responsible for

27   paying any and all applicable taxes on this payment.

28   The Court's approval of the Class Representative Service Award is not a

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

1  material term of the Settlement or this Agreement.  If the Court does not approve or

2  approves only a lesser amount than that requested by Class Counsel for the Class

3  Representative Service Award, the other terms of the Settlement and this

4  Agreement shall apply.  The Court's refusal to approve the Class Representative

5  Service Award requested by Class Counsel does not give either the Class

6  Representative or Class Counsel any basis to abrogate the Settlement or this

7  Agreement.  Any amount of a Class Representative Service Award requested by

8  Class Counsel but unapproved by the Court shall be allocated to the Net Settlement

9  Amount.

10      **I.    "Class Settlement Amount."**

11          The sum of no more than a Gross Settlement Amount ("GSA") of $885,000

12  dollars to be paid by Defendant in full satisfaction of all Settlement arising from the

13  Action. The settlement will be on a common fund basis, there will be no claim form

14  or Settlement process and there will be no reversion to Defendant. The Class

15  Settlement Amount includes all Individual Settlement Payments to Class Members,

16  the Class Representative's Service Award to the named Plaintiff, Settlement

17  Administration Costs to the Settlement Administrator, the Labor and Workforce

18  Development Agency Payment, and the Attorneys' Fees and Costs. Defendant will

19  be responsible for any employer payroll taxes required by law, separate and in

20  addition to the Class Settlement Amount, including the employer FICA, FUTA, and

21  SDI contributions on the wage portion of the Individual Settlement Payments.

22          The Gross Settlement Amount is a material term of this Agreement.  Except

23  as set forth below regarding the separate payment of employer payroll taxes, to the

24  extent Plaintiff or the Court seeks to require Defendant to pay more than the Gross

25  Settlement Amount as part of this Settlement or Agreement, Defendant shall retain

26  the right, in the exercise of its sole discretion, to nullify the Settlement or

27  Agreement.

28  ///

- 4 -

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

**J.    "Effective Date."**

The date on which the Final Award becomes final. For purposes of this Section, the Final Award "becomes final" only after the Court grants the Motion for Final Approval and upon the latter of: (i) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from, or other challenge to, the Order Granting Final Approval (this time period shall not be less than 60 calendar days after the Court's Order is entered); (ii) the date of affirmance of an appeal of the Order Granting Final Approval becomes final under the California Rules of Court; or (iii) the date of final dismissal of any appeal from the Order Granting Final Approval or the final dismissal of any proceeding on review of any court of appeal decision relating to the Order Granting Final Approval. If there are no objector(s) or intervenor(s), then the Parties agree that there is no right to appeal and therefore this Settlement shall be deemed final and the Effective Date shall be ten (10) days after the Court has entered a Final Approval Order and Judgment which approves the Settlement. It is the intention of the Parties that the Settlement shall not become effective until the Court's Final Order approving the Settlement has become completely final, and no timely recourse remains for an appellant or objector to contest the Settlement.

**K.    "Final Approval" or "Final Award."**

The Court entering an Order Granting Final Approval of the Settlement Agreement.

**L.    "Individual Settlement Payment."**

Each Class Member's share of the Net Settlement Amount, which shall be distributed to the Class Members, less employee portions of state and federal withholding taxes, including the employee FICA, FUTA and SDI contributions and any other applicable payroll deductions required by law as a result of the payment of the amount allocated to such Class Member as set forth herein.

**STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION**

**M.    "LWDA Notice."**

The Parties agree that Plaintiff will submit Notice to the Labor and Workforce Development Agency ("LWDA") of this Settlement along with a copy of this Settlement Agreement within ten (10) calendar days of its execution by all Parties and Class Counsel, and will thereafter submit a copy of any judgment or any other order (*e.g.*, the Final Award) providing for an award of civil penalties in conformity with California <u>Labor Code</u> § 2699(l).

**N.    "LWDA Payment."**

The amount that the Parties have agreed to pay to the LWDA in connection with the claims arising under California Labor Code section 2698, et seq., the California Private Attorneys' General Act (the "PAGA"). The Parties have agreed that $24,000 of the Class Settlement Amount will be allocated to the resolution of any Class Members' Settlement arising under the PAGA ("PAGA Settlement Amount"). Pursuant to the PAGA, $18,000 (75%) of the PAGA Settlement Amount will be paid to the LWDA and $6,000 (25%) of the PAGA Settlement Amount will be included in the Net Settlement Amount.

The Court's reduction or increase of a LWDA Payment is not a material term of the Settlement or this Agreement. If the Court approves only a lesser amount or a higher amount than that requested by Class Counsel for the LWDA Payment, the other terms of the Settlement and this Agreement shall apply. The Court's reduction or increase of the LWDA Payment requested by Class Counsel does not give the Class Representative or Class Counsel any basis to abrogate the Settlement or this Agreement.

However, the Court's approval of a LWDA Payment is a material term of the Settlement or this Agreement. If the Court does not approve a LWDA Payment set forth in this Agreement, then the LWDA Payment shall be made in the amount required by the Court. If the Court requires the LWDA Payment to be higher than as stated in this Agreement, the additional funds for the LWDA Payment shall be

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

1    taken from the Gross Settlement Amount.  Thus, the Gross Settlement Amount

2    shall not be increased in the Court requires a larger LWDA Payment.

3        **O.    "Net Settlement Amount."**

4        The portion of the Class Settlement Amount remaining after deduction of the

5    approved Class Representative Service Award, Settlement Administration Costs,

6    LWDA Payment, and the Attorneys' Fees and Costs.

7        **P.    "Notice of Class Action Settlement."**

8        The document substantially in the form attached as **Exhibit A** that will be

9    mailed to Class Members' last known addresses and which will provide Class

10   Members with information regarding the Action and information regarding the

11   Settlement of the Action.

12       **Q.    "Notice of Objection."**

13       A Class Member's valid and timely written objection to the Settlement

14   Agreement. For the Notice of Objection to be valid, it must include the objector's

15   full name, signature, address, telephone number and a written statement of all

16   grounds for the objection accompanied by legal support, if any, for such objection.

17   The Notice of Objection must be returned by mail or fax to the Settlement

18   Administrator at the specified address or facsimile number and postmarked or faxed

19   on or before the Response Deadline. The date of the postmark or fax receipt

20   confirmation will be the exclusive means to determine whether a Notice of

21   Objection has been timely submitted.

22       Class Members who fail to make objections in the manner specified above

23   shall be deemed to have waived any objections and shall be foreclosed from making

24   any objection (whether by appeal or otherwise) to the Settlement Agreement.

25   Neither the Parties nor their counsel will solicit or otherwise encourage Class

26   Members to submit written objections to the Settlement Agreement or appeal from

27   the Order and Judgment. Class Counsel will not represent any Class Members with

28   respect to any such objections to this Settlement. The Settlement Administrator

- 7 -

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

1  shall provide counsel for the Parties with complete copies of all objections received,

2  including the date of postmark or fax receipt confirmation for each objection,

3  within seven (7) calendar days of receipt. Class Counsel will provide copies of any

4  objections and supporting documents to the Court with the Final Approval Motion.

5        The Parties represent and warrant that they have not and will not solicit,

6  encourage, or assist in any fashion any effort by any entity or person to object to or

7  to seek exclusion from the Settlement set forth in this Agreement.

8        **R.    "Notice Packet."**

9        The Notice of Class Action Settlement and Individual Settlement Payment

10  calculations, to include workweek information.

11       **S.    "PAGA Notice."**

12       The August 6, 2020, letter that Class Counsel sent to the California Labor

13  Workforce Develop Agency ("LWDA") on behalf of Plaintiff pursuant to Labor

14  Code § 2699.3(a)/(c) seeking to exhaust Plaintiff's administrative remedies under

15  the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code

16  §§ 2698, *et seq.*, and specifically alleging that Defendant failed to provide all meal

17  periods, failed to authorize and permit all paid rest periods, failed to provide

18  accurate itemized wage statements in violation of the Labor Code and the

19  applicable Industrial Wage Order, failed to timely pay wages, and owes statutory

20  and/or civil penalties pursuant to the Labor Code.

21       **T.    "PAGA Released Claims."**

22       The release by all Class Members for all claims for PAGA that arise out of or

23  relate to California Labor Code §§ 201, 201.3, 202, 203, 204, 205.5, 210, 218.6,

24  226, 226.3, 226.7, 512, 516, 552, 558, 1194, 1197, 1197.1, 1197.5, 2698 *et seq.,*

25  and 2699 *et seq.* as pled in the PAGA Notice, Complaint and First Amended

26  Complaint, from October 9, 2016 through the date of preliminary approval of this

27  Agreement or December 30, 2023, whichever is earlier. In light of the binding

28  nature of a PAGA judgment on non-party employees pursuant to *Arias v. Superior*

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

1    *Ct. (Dairy)*, 46 Cal. 4th 969 (2009), Class Members employed by Defendant on or

2    after October 9, 2016, who exclude themselves from this Settlement shall still

3    receive an Individual PAGA Payment directly from the Settlement Administrator

4    for the amount of each such individual's estimated share of the PAGA Payment as

5    calculated by the Settlement Administrator, and shall still be subject to a release of

6    the PAGA Released Claims.

7    **U.    "Plaintiff."**

8    Plaintiff Michael D. Brumbach, on behalf of himself and all others similarly

9    situated.

10    **V.    "Plaintiff's Released Claims."**

11    Upon the Effective Date, and as a condition of receiving any portion of the

12    Class Representative Service Award, Plaintiff shall fully and finally release the

13    Released Parties from any and all claims, known and unknown, under federal, state

14    and/or local law, statute, ordinance, regulation, common law, or other source of

15    law, including but not limited to claims  arising from or related to Plaintiff's

16    employment with Defendant, cessation of employment, and their compensation

17    while employees of Defendant. Plaintiff's Released Claims include, but are not

18    limited to, all claims arising from or related to the Actions. Plaintiff's Released

19    Claims include all Claims for unpaid wages, including, but not limited to, missed

20    meal period and rest-period wages and premiums; wage statements; final pay;

21    unfair business practices; penalties, including, but not limited to, meal and rest

22    period penalties, wage statement penalties, and waiting-time penalties; and

23    attorneys' fees and costs. Plaintiff's Released Claims include all Claims in the

24    Settlement arising under the California Labor Code (including, but not limited to,

25    §§ 201, 201.3, 202, 203, 204, 205.5, 210, 218.6, 226, 226.3, 226.7, 512, 516, 552,

26    558, 1194, 1197, 1197.1, 1197.5, 2698 *et seq.,* and 2699 *et seq.*); all claims arising

27    under: the Wage Orders of the California Industrial Welfare Commission; the

28    California Private Attorneys General Act of 2004 (PAGA); California Business and

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

1  Professions Code §§17200, *et seq.*; California Civil Code, to include §§3287, 3336

2  and 3294; 12 CCR §11040; 8 CCR § 11060; California Code of Civil Procedure

3  §1021.5; California common law of contract; the FLSA, 29 U.S.C. §201, *et seq.*; 29

4  CFR §778.223; 29 CFR §778.315; federal common law; and the Employee

5  Retirement Income Security Act, 29 U.S.C. §§1001, *et seq.* (ERISA). Plaintiff's

6  Released Claims  also include all claims  for lost wages and benefits, emotional

7  distress, retaliation, punitive damages, and attorneys' fees and costs arising under

8  federal, state, or local laws for discrimination, harassment, retaliation, and wrongful

9  termination, such as, by way of example only, (as amended) 42 U.S.C. §1981, Title

10  VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA),

11  the Age Discrimination in Employment Act (ADEA), and the California Fair

12  Employment and Housing Act (FEHA); and the law of contract and tort. This

13  release excludes the release of claims not permitted by law.

14        Plaintiff's Released Claims include all claims, whether known or unknown.

15  Even if Plaintiff discovers facts in addition to or different from those that Plaintiff

16  now know or believe to be true with respect to the subject matter of Plaintiff's

17  Released Claims, those claims will remain released and forever barred. Thus,

18  Plaintiff expressly waive and relinquish the provisions, rights and benefits of

19  California Civil Code §1542, which reads:

20        **A general release does not extend to claims that the creditor or**

21        **releasing party does not know or suspect to exist in his or her**

22        **favor at the time of executing the release, which if known by him**

23        **or her, would have materially affected his or her settlement with**

24        **the debtor or released party.**

25  Plaintiff acknowledges and agrees that this knowing and voluntary waiver is an

26  essential and material term of this Agreement, and the Agreement would not have

27  been entered into without such a waiver.

28  ///

- 10 -

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

**W.    "Preliminary Approval."**

The Court's order granting preliminary approval of the Settlement Agreement.

**X.    "Qualified Settlement Account."**

The fund established by the Settlement Administrator pursuant to Internal Revenue Code § 1.468B-1.

**Y.    "Released Claims."**

As of the date of the Order Granting Final Approval, Class Members who do not opt out of the Settlement shall release all claims alleged in the operative complaint during the Settlement Period and all claims that could have been pled based upon the facts alleged in the operative complaint against Defendant and each of its present and former affiliates and subsidiaries, and all of their respective officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, consultants, shareholders, joint ventures, successors, and assigns and any other persons acting by, through, under or in concert with any of them ("Released Parties").  This includes claims for: (1) failure to provide meal periods; (2) failure to authorize and permit all rest periods; (3) failure to timely pay final wages due at separation; (4) failure to furnish accurate wage statements; (5) penalties pursuant to California Labor Code § 2698 and 2699; (6) unfair business practices related to the above claims; and (7) claims arising out of alleged violations of the California Labor Code §§ 201, 201.3, 202, 203, 205.5, 210, 218.6, 226, 226.3, 226.7, 512, 516, 552, 558, 1194, 1197, 1197.1, 1197.5, 2698 *et seq.,* and 2699 *et seq.*, and California Industrial Welfare Commission Wage Order No. 5-2001 for the claims alleged herein; up to and including the date of preliminary approval by the Court or December 30, 2023, whichever is earlier.

The scope of the Released Claims is a material term of this Agreement.  To the extent Plaintiff or the Court seeks to modify the scope of the Released Claims in order to make it more narrow, Defendant shall retain the right, in the exercise of its

- 11 -

1    sole discretion, to nullify the Settlement or Agreement.

2    **Z.    "Released Parties."**

3    Defendant and each of its present and former affiliates and subsidiaries, and

4    all of their respective officers, directors, employees, agents, servants, registered

5    representatives, attorneys, insurers, consultants, shareholders, joint ventures,

6    successors, and assigns and any other persons acting by, through, under or in

7    concert with any of them.

8    **AA.    "Request for Exclusion."**

9    A notice submitted by a Class Member requesting to be excluded from the

10    Settlement. For the Request for Exclusion to be valid, it must include the Class

11    Member's full name, signature, address, telephone number and a written statement

12    requesting to be excluded from this Settlement. The Request for Exclusion must be

13    returned by mail or fax to the Settlement Administrator at the specified address or

14    facsimile number and postmarked or faxed on or before the Response Deadline.

15    The date of the postmark or fax receipt confirmation will be the exclusive means to

16    determine whether a Request for Exclusion has been timely submitted. A Class

17    Member who does not submit a timely and valid Request for Exclusion from the

18    Settlement will be deemed to be a Class Member and will be bound by all the terms

19    of the Settlement Agreement, if the Settlement is granted Final Approval by the

20    Court.

21    **BB.    "Response Deadline."**

22    The deadline by which Class Members must mail or fax to the Settlement

23    Administrator valid Requests for Exclusion, Notices of Objection to the Settlement,

24    or workweek disputes. The Response Deadline will be forty-five (45) calendar days

25    from the initial mailing of the Notice Packet by the Settlement Administrator,

26    unless the 45th day falls on a Sunday or a Federal holiday, in which case the

27    Response Deadline will be extended to the next day on which the U.S. Postal

28    Service is open. The Response Deadline for Requests for Exclusion, Notices of

- 12 -

1   Objection, or workweek disputes may also be extended by express agreement

2   between Class Counsel and Defendant. Under no circumstances, however, will the

3   Settlement Administrator have the authority to unilaterally extend the deadline for

4   Class Members to submit a Request for Exclusion, Notice of Objection to the

5   Settlement, or workweek disputes.

6       **CC.   "Satisfaction of Judgment."**

7       Upon the Effective Date and payment by Defendant of all monies due under

8   the Settlement Agreement and entry of the Order Granting Final Approval, the

9   Parties shall file a Satisfaction of Judgment with the Court.

10      **DD.   "Settlement Administrator."**

11      Rust Consulting Inc. shall be the third-party class action settlement

12  administrator as agreed to by the Parties and approved by the Court for the purposes

13  of administering this Settlement and will issue to class members a form W-2 and

14  1099 for all amounts paid under this Settlement, and make all deductions and

15  withholdings required under law. The Parties each represent that they do not have

16  any financial interest in the Settlement Administrator or otherwise have a

17  relationship with the Settlement Administrator that could create a conflict of

18  interest.

19      **EE.   "Settlement Administration Costs."**

20      The costs payable from the Class Settlement Amount to the Settlement

21  Administrator are paid for the Settlement Administrator administering this

22  Settlement.  The administration of the Settlement includes, but is not limited to,

23  printing, distributing, and tracking documents for this Settlement, calculating

24  estimated amounts per Class Member, tax reporting, distributing the Class

25  Settlement Amount, and providing necessary reports and declarations, and other

26  duties and responsibilities set forth herein to process this Settlement Agreement,

27  and as requested by the Parties. The Settlement Administration Costs will be paid

28  from the Class Settlement Amount, including, if necessary, any such costs in excess

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

1  of the amount represented by the Settlement Administrator as being the maximum

2  costs necessary to administer the Settlement. The Settlement Administration Costs

3  are currently estimated to be approximately $16,000. To the extent that actual

4  Settlement Administration Costs are greater than $16,000, such excess amount

5  will be deducted from the Class Settlement Amount, subject to the Court's

6  approval. **Funding of the Class Settlement Amount.**

7       Within twenty-one (21) calendar days after the Effective Date of the

8  Settlement, Defendant will fund the Class Settlement Amount of $885,000 into a

9  Qualified Settlement Account to be established by the Settlement Administrator

10  Rust Consulting Inc. Defendant has no obligation to deposit such funds prior to the

11  deadline set forth herein.

12  **III.    Attorneys' Fees and Costs.**

13       Class Counsel will request attorneys' fees of $221,250, 25% of the Class

14  Settlement Amount, and the reimbursement of costs and expenses associated with

15  Class Counsel's litigation and settlement of the Actions, not to exceed $35,000.

16       No counsel shall be entitled to attorneys' fees or costs for work performed in

17  the Actions other than as provided in this Settlement Agreement. The instant

18  Settlement Agreement is the exclusive means for recovery of attorneys' fees and

19  costs incurred in the Actions by any attorney, law firm, and/or other legal services

20  provider.

21  **IV.    Class Representative Service Award.**

22       In exchange for a general release and in recognition of their effort and work

23  in prosecuting the Actions on behalf of Class Members, Plaintiff will make a

24  request on  motion for the Class Representative's Service Award to Plaintiff

25  Michael D. Brumbach in the amount of $15,000. Such Class Representative Service

26  Award will be paid from the Gross Class Settlement Amount and will be in addition

27  to each named Plaintiff's Individual Settlement Payment paid pursuant to the

28  Settlement. Any Service Awards approved by the Court will result in the issuance

- 14 -

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

1    of a Form 1099 to the class representative, who shall assume full responsibility and

2    liability for the payment of taxes due on such awards. Plaintiff will be solely

3    responsible for all tax liabilities owed by Plaintiff as a result of any payment made

4    to the Plaintiff, respectively, as a result of this Settlement.

5    **V.    <u>Settlement Administration Costs</u>.**

6         The Settlement Administrator will be paid for the reasonable costs of

7    administration of the Settlement and distribution of payments from the Class

8    Settlement Amount, which are currently estimated to be $16,000.

9    **VI.   <u>Labor and Workforce Development Agency Payment</u>.**

10        Subject to Court approval, the Parties agree that $24,000 of the Class

11   Settlement Amount will be designated for satisfaction of Plaintiff's and Class

12   Members' PAGA Settlement (the "PAGA Settlement Amount"). Pursuant to the

13   PAGA, $18,000 (75%) of the PAGA Settlement Amount will be paid to the LWDA

14   and $6,000 (25%) of the PAGA Settlement Amount will be included in the Net

15   Settlement Amount.

16   **VII.  <u>Net Settlement Amount</u>.**

17        The Net Settlement Amount ("NSA"), will be used to satisfy Individual

18   Settlement Payments to Class Members in accordance with the terms of this

19   Settlement.

20   **VIII. <u>Individual Settlement Payment Calculations</u>.**

21        Individual Settlement Payments will be calculated and apportioned from the

22   NSA based on the number of workweeks that a Class Member worked during the

23   Class Period.  For purposes of payment, a workweek shall be defined as any regular

24   workweek in which the Class Members worked on three or more calendar days.

25        Specific calculations of Individual Settlement Payments will be made as

26   follows:

27        The Settlement Administrator will calculate the total number of weeks

28   worked by each Class Member ("Individual Workweeks") and the total number of

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

weeks worked by all Class Members ("Class Workweeks") during the Class Period.

To determine each Class Member's Individual Settlement Payment, the Settlement Administrator will use the following formula: Individual Settlement Payment = (Individual Workweeks ÷ Class Workweeks) × NSA allocated to the class.

The Individual Settlement Payment will be reduced by any required deductions for each Class Member as set forth herein, including employee-side tax withholdings or deductions.

The Individual Settlement Payments made to Class Members under this Settlement, and any other payments made pursuant to this Settlement, will not be utilized to calculate any additional benefits under any benefit plans to which any Class Members may be eligible, including, but not limited to, profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan. Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Class Members may be entitled under any benefit plans.

**IX.** **Certification of Workweeks.**

Defendant shall certify the number of workweeks that have accrued for all Class Members from October 9, 2016, through March 18, 2023. If the number of workweeks actually accrued from October 9, 2016, through March 18, 2023 should exceed 95,534 (the amount hereby certified by Defendant) by more than five percent (5%), the Gross Settlement Amount shall be increased by the percentage difference between the certified amount and the actual number of workweeks from October 9, 2016, through March 18, 2023.

**X.** **Settlement Administration Process.**

**A.** The Parties agree to cooperate in the administration of the Settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement. The Settlement Administrator will

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

1  provide the following services:

2      1.   Establish and maintain a Qualified Settlement Account.

3      2.   Calculate the Individual Settlement Payment each Class

4           Member is eligible to receive.

5      3.   Print and mail the Notice Packet.

6      4.   Establish and maintain a toll-free information telephone support

7           line to assist Class Members who have questions regarding the

8           Notice Packet.

9      5.   Conduct additional address searches for mailed Notice Packets

10          that are returned as undeliverable.

11     6.   Process Requests for Exclusion, calculate Class Members'

12          Individual Settlement Payment, field inquiries from Class

13          Members, and administer any Requests for Exclusion or

14          Objections. This service will include settlement proceed

15          calculation, printing and issuance of Settlement Payment

16          Checks, and preparation of IRS W-2 and 1099 Tax Forms. Basic

17          accounting for and payment of employee tax withholdings and

18          forwarding all payroll taxes and penalties to the appropriate

19          government authorities will also be included as part of this

20          service.

21     7.   Issuing to Plaintiff, Class Members, and Plaintiff's Counsel any

22          W-2, 1099, or other tax forms as may be required by law for all

23          amounts paid pursuant to this Settlement.

24     8.   Provide declarations and/or other information to the Court as

25          requested by the Parties and/or the Court.

26     9.   Provide weekly status reports to counsel for the Parties.

27  **B.**   Within twenty-one (21) calendar days of Preliminary Approval,

28  Defendant will provide the Class Lists to the Settlement Administrator.

- 17 -

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

**C.**    Within fourteen (14) calendar days after receiving the Class Lists from Defendant, the Settlement Administrator will mail a Notice Packet to all Class Members via regular First-Class U.S. Mail, using the last known mailing addresses identified in the Class Lists.

**D.**    Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct any known or identifiable address changes. Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator will indicate the date of such re-mailing on the Notice Packet. If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved and will then perform a single re-mailing.

**E.**    All Class Members will be mailed a Notice Packet containing the forms attached as **Exhibit A**, as approved by the Court.

**F.**    Class Members will have an opportunity to dispute the information provided in their Notice Packets. To the extent Class Members dispute the number of workweeks to which they have been credited or the amount of their Individual Settlement Payment, Class Members may produce evidence to the Settlement Administrator showing that such information is inaccurate. Absent evidence rebutting Defendant's records, Defendant's records will be presumed determinative. However, if a Class Member produces evidence to the contrary, the Settlement Administrator will evaluate the evidence submitted by the Class Member and will make the final decision as to the number of eligible workweeks that should be applied and/or the Individual Settlement Payment to which the Class Member may be entitled. The workweek dispute must be returned by mail or fax to the Settlement Administrator at the specified address or facsimile number and postmarked or faxed

- 18 -

1   on or before the Response Deadline. The date of the postmark or fax receipt

2   confirmation will be the exclusive means to determine whether a workweek dispute

3   has been timely submitted. All such disputes are to be resolved not later than

4   fourteen (14) calendar days after the Response Deadline.

5       **G.**    <u>Defective Submissions</u>. If a Class Member's Request for Exclusion is

6   defective as to the requirements listed herein, that Class Member will be given an

7   opportunity to cure the defect(s). The Settlement Administrator will mail the Class

8   Member a cure letter within three (3) calendar days of receiving the defective

9   submission to advise the Class Member that his or her submission is defective and

10  that the defect must be cured to render the Request for Exclusion valid.

11      **H.**    <u>Request for Exclusion Procedures</u>. Any Class Member wishing to opt-

12  out of the Settlement must sign and postmark or fax a written Request for Exclusion

13  to the Settlement Administrator by the Response Deadline. The date of the

14  postmark on the return mailing envelope or the fax receipt confirmation will be the

15  exclusive means to determine whether a Request for Exclusion has been timely

16  submitted. All Requests for Exclusion must be submitted to the Settlement

17  Administrator, who will certify jointly to Class Counsel and Defendant's Counsel

18  the Requests for Exclusion that were timely submitted. Any Class Member who

19  does not timely seek exclusion will be bound by the terms of this Settlement

20  Agreement.

21  **XI.    NULLIFICATION OF THE SETTLEMENT AGREEMENT.**

22      **A.**    <u>Defendant's Option to Nullify the Settlement Agreement</u>. If Class

23  Members representing more than an aggregate total of five percent (5%) of the

24  verified workweeks opt out of this Settlement (or are otherwise excluded),

25  Defendant, in its sole discretion, shall have the option of nullifying the Settlement

26  Agreement. Defendant shall give written notice to Class Counsel within five (5)

27  calendar days after the Settlement Administrator informs the Parties that the opt out

28  rate exceeds five percent (5%). In such a case, the Parties, and any funds to be

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

awarded under this Settlement Agreement, shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be paid by Defendant.

 **B.** <u>Nullification of the Settlement Agreement.</u> In the event: (i) the Court does not enter the Preliminary Approval Order and approve the Settlement specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) Defendant exercises its option to nullify the Settlement Agreement based on an excessive number of opt-outs, as described in the above Section; or, (iv) the Settlement does not become final for any other reason (*e.g.*, an objection by the LWDA), this Settlement Agreement shall be null and void. Any order or judgment entered by the Court in furtherance of this Settlement Agreement shall be treated as void from the beginning, and the Stipulations and Recitals contained herein shall be of no force or effect and shall not be treated as an admission by the Parties or their counsel. In such a case, the Parties and any funds to be awarded under this Settlement Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, and any fees already incurred by the Settlement Administrator shall be paid in equal amounts by Plaintiff and Defendant, except that in the event Defendant exercises its option to nullify the Settlement Agreement, as described above, any fees already incurred by the Settlement Administrator shall be paid by Defendant.

 **C.** <u>Settlement Terms Bind All Class Members Who Do Not Opt Out</u>. Any Class Member who does not affirmatively opt out of the Settlement Agreement, by submitting a timely and valid Request for Exclusion, will be bound by all its terms, including those pertaining to the Released Claims.

**STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION**

**XII.** **Certification Reports Regarding Individual Settlement Payment Calculations**.

**A.** The Settlement Administrator will provide Defendant's counsel and Class Counsel a weekly report which certifies: (a) the number of Class Members who have submitted valid Requests for Exclusion; (b) any objections submitted to the Settlement, along with a copy of any such objection; and (c) whether any Class Member has submitted a challenge to any information contained in his/her Notice Packet. Additionally, the Settlement Administrator will provide to counsel for both Parties any updated reports regarding the administration of the Settlement Agreement as needed or requested.

**B.** Uncashed Settlement Checks. Any checks issued by the Settlement Administrator to Class Members will be negotiable for one-hundred eighty (180) calendar days. After one-hundred eighty (180) calendar days from the date of mailing, the checks shall become null and void, and any monies remaining in the distribution account shall be distributed to the Controller of the State of California to be held pursuant to the Unclaimed Property Law, California Civil Code § 1500 et seq., for the benefit of those Settlement Class members who did not cash their checks until such time that they claim their property. The Settling Parties agree that this disposition results in no "unpaid residue" under CCP § 384, as the entire Settlement Payment will be paid out to Settlement Class members, whether or not they all cash their Settlement Checks. Therefore, Defendant will not be required to pay any interest on said amount.

**C.** Certification of Completion. Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

**XIII.** **Tax Treatment of Individual Settlement Payments**.

All Individual Settlement Payments will be allocated as follows: ten percent (10%) wages (the "Wage Component"), forty five percent (45%) interest, and forty

**STIPULATION AND SETTLEMENT OF CLASS AND REPRESENTATIVE ACTION**

1  five percent (45%) penalties.

2      The portion allocated to wages will be reported on an IRS Form W-2 and the

3  portions allocated to non-wages will be reported on an IRS Form-1099 by the

4  Settlement Administrator. The Gross Individual Settlement Payments will be

5  reduced by any required legal deductions for each Class Member. All standard

6  employee payroll deductions will be made for state and federal withholding taxes,

7  including any other applicable payroll deductions owed by the Class Members as a

8  result of the Wage Component, resulting in a net Wage Component. The Settlement

9  Administrator will issue a check, W-2 Form and IRS Form-1099 to each Class

10  Member for the Wage and penalty/interest components. No withholding shall be

11  made on the penalty or interest portions of the Gross Individual Settlement

12  Payment. The Settlement Administrator shall be responsible for issuing the

13  payments and calculating and withholding all required state and federal taxes. The

14  Settlement Administrator shall determine the eligibility for, and the amounts of, any

15  Individual Settlement Payments under the terms of this Settlement Agreement. Any

16  disputes not resolved by the Settlement Administrator concerning the

17  administration of the Settlement will be resolved by the Court, under the laws of the

18  State of California. Prior to any such involvement of the Court, counsel for the

19  Parties will confer in good faith and attempt to resolve the dispute without the

20  necessity of involving the Court.

21  **XIV.  <u>Administration of Taxes by the Settlement Administrator</u>.**

22      **A.**    <u>Tax Liability</u>. Defendant makes no representation as to the tax

23  treatment or legal effect of the payments called for hereunder and named Plaintiff

24  and Class Members are not relying on any statement, representation, or calculation

25  by Defendant or by the Settlement Administrator in this regard. Plaintiff and Class

26  Members understand and agree that they will be solely responsible for the payment

27  of their share of any taxes and penalties assessed on the payments paid to the Class

28  Members.

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

**B.**    Circular 230 Disclaimer. EACH PARTY TO THIS SETTLEMENT AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS SETTLEMENT AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS SETTLEMENT AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS SETTLEMENT AGREEMENT, (B) HAS NOT ENTERED INTO THIS SETTLEMENT AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND, (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION

1  CONTEMPLATED BY THIS SETTLEMENT AGREEMENT.

2  **XV.**  **Release by Class Members.**

3      **A.**     No Prior Assignments. The Parties and their counsel represent,

4  covenant, and warrant that they have not directly or indirectly assigned, transferred,

5  encumbered, or purported to assign, transfer, or encumber to any person or entity

6  any portion of any liability, claim, demand, action, cause of action or right herein

7  released and discharged.

8      **B.**     It is the desire of Plaintiff, Class Members (except those who exclude

9  themselves from the Settlement), and Defendant, to fully, finally, and forever settle,

10  compromise, and discharge the Released Claims. Upon the Final Approval by the

11  Court of this Settlement Agreement, and except as to such rights or claims as may

12  be created by this Settlement Agreement, the Class Members shall fully release and

13  discharge the Released Parties from any and all Released Claims for the entire

14  Class Period. This release shall be binding on all Class Members who have not

15  timely submitted a valid and complete Request for Exclusion, including each of

16  their respective attorneys, agents, spouses, executors, representatives, guardians ad

17  litem, heirs, successors, and assigns, and shall inure to the benefit of the Released

18  Parties, who shall have no further or other liability or obligation to any Class

19  Member with respect to the Released Claims, except as expressly provided herein.

20  **XVI.**  **Preliminary Approval Hearing.**

21      **A.**     Plaintiff will obtain a hearing before the Court to request Preliminary

22  Approval of the Settlement Agreement and the entry of a Preliminary Approval

23  Order for: (a) conditional certification of the Settlement Class for settlement

24  purposes only; (b) Preliminary Approval of the proposed Settlement Agreement;

25  and, (c) setting a date for a Final Approval/Settlement Fairness Hearing.

26      **B.**     The Preliminary Approval Order will provide for the Notice Packet to

27  be sent to all Class Members as specified herein. In conjunction with the

28  Preliminary Approval Hearing, Plaintiff will submit this Settlement Agreement and

- 24 -

1   will include the proposed Notice Packet.

2        **C.**     Class Counsel will be responsible for drafting all documents necessary

3   to obtain Preliminary Approval. Any failure by the Court to fully and completely

4   approve the Settlement Agreement, which has the effect of preventing the full and

5   complete approval of the Settlement Agreement as written and agreed to by the

6   Parties, will result in this Settlement Agreement, and all obligations under this

7   Settlement Agreement, being nullified and voided.

8   **XVII.** **Final Settlement Approval Hearing and Entry of Judgment.**

9        **A.**     Upon expiration of the Response Deadline, and with the Court's

10  permission, a Final Approval/Settlement Fairness Hearing will be conducted to

11  determine the Final Approval of the Settlement Agreement along with the amounts

12  properly payable for: (a) Individual Settlement Payments; (b) the LWDA Payment;

13  (c) the Attorneys' Fees and Costs; (d) the Class Representative Service Award; and,

14  (e) all Settlement Administration Costs.

15       **B**      The Final Approval/Settlement Fairness Hearing will be held no later

16  than forty-five (45) calendar days after the Response Deadline, unless the Court

17  determines otherwise.

18       **C.**     Class Counsel will be responsible for drafting all documents necessary

19  to obtain Final Approval. Class Counsel will also be responsible for drafting the

20  Attorneys' Fees and Costs application to be heard at the Final Approval/Settlement

21  Fairness Hearing. Any failure by the Court to fully and completely approve the

22  Settlement Agreement will result in this Settlement Agreement entered into by the

23  Parties, and all obligations under this Settlement Agreement, being nullified and

24  voided. Upon such failure, any order or judgment entered by the Court in

25  furtherance of this Settlement Agreement shall be treated as void from the

26  beginning, and the Stipulations and Recitals contained herein shall be of no force or

27  effect and shall not be treated as an admission by the Parties or their counsel. In

28  such a case, the Parties and any funds to be awarded under this Settlement

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

1  Agreement shall be returned to their respective statuses as of the date and time

2  immediately prior to the execution of this Settlement Agreement, and the Parties

3  shall proceed in all respects as if this Settlement Agreement had not been executed,

4  except that any fees already incurred by the Settlement Administrator shall be paid

5  equally by both Parties.

6  **XVIII.**    **Judgment and Continued Jurisdiction**.

7  The Court shall retain jurisdiction over the Parties with respect to the

8  interpretation, implementation, and enforcement of the terms of this Settlement

9  Agreement and all orders and judgments entered in connection therewith.  The

10  Parties and their counsel hereto submit to the jurisdiction of the Court for purposes

11  of interpreting, implementing, and enforcing the Settlement embodied in this

12  Settlement Agreement and all orders and judgments entered in connection

13  therewith.

14  **XVIX.**    **Other Provisions**.

15  A.    Exhibits Incorporated by Reference. The terms of this Settlement

16  include the terms set forth in any attached Exhibits, which are incorporated by this

17  reference as though fully set forth herein. Any Exhibits to this Settlement are an

18  integral part of the Settlement.

19  B.    Entire Agreement. This Settlement Agreement and any attached

20  Exhibits constitute the entirety of the Parties' settlement terms. No other prior or

21  contemporaneous written or oral agreements may be deemed binding on the Parties.

22  C.    Amendment or Modification. This Settlement Agreement may be

23  amended or modified only by a written instrument signed by counsel for all Parties

24  or their successors-in-interest and approved by the Court.

25  D.    Authorization to Enter Into Settlement Agreement. Counsel for all

26  Parties warrant and represent that they are expressly authorized by the Parties

27  whom they represent to negotiate this Settlement Agreement and to take all

28  appropriate actions required or permitted to be taken by such Parties pursuant to

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of Steve Serratore, the mediator in this case, to resolve such disagreement.

      **E.**    <u>Binding on Successors and Assigns</u>. This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

      **F.**    <u>California Law Governs</u>. All terms of this Settlement Agreement and Exhibits hereto will be governed by and interpreted according to the laws of the State of California.

      **G.**    <u>Execution and Counterparts</u>. This Settlement Agreement is subject only to the execution of all Parties. However, the Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them, including facsimile and scanned copies of the signature page, will be deemed to be one and the same instrument.

      **H.**    <u>Acknowledgement that the Settlement is Fair and Reasonable</u>. The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

      **I.**    <u>Invalidity of Any Provision</u>. Before declaring any provision of this

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

1  Settlement Agreement invalid, the Court will first attempt to construe the provision

2  as valid to the fullest extent possible consistent with applicable precedents so as to

3  define all provisions of this Settlement Agreement valid and enforceable.

4      **J.**    <u>Waiver of Certain Appeals</u>. The Parties agree to waive appeals and to

5  stipulate to class certification for purposes of this Settlement only; except, however,

6  that either Party may appeal any Court order that materially alters the Settlement

7  Agreement's terms.

8      **K.**    <u>Class Action Certification for Settlement Purposes Only</u>. The Parties

9  agree to stipulate to class certification only for purposes of the Settlement. If, for

10  any reason, the Settlement is not approved, the stipulation to certification will be

11  void. The Parties further agree that certification for purposes of the Settlement is

12  not an admission that class action certification is proper under the standards applied

13  to contested certification motions and that this Settlement Agreement will not be

14  admissible in this or any other proceeding as evidence that either: (a) a class action

15  should be certified; or, (b) Defendant is liable to Plaintiff or any Class Member,

16  other than according to the Settlement's terms.

17      **L.**    <u>Non-Admission of Liability</u>. The Parties enter into this Settlement

18  Agreement to resolve the dispute that has arisen between them and to avoid the

19  burden, expense, and risk of continued litigation. In entering into this Settlement

20  Agreement, Defendant does not admit, and specifically denies, they it violated any

21  federal, state, or local law; violated any regulations or guidelines promulgated

22  pursuant to any statute or any other applicable laws, regulations, or legal

23  requirements; breached any contract; violated or breached any duty; engaged in any

24  misrepresentation or deception; or engaged in any other unlawful conduct with

25  respect to its employees. Neither this Settlement Agreement, nor any of its terms or

26  provisions, nor any of the negotiations connected with it, shall be construed as an

27  admission or concession by Defendant of any such violations or failures to comply

28  with any applicable law. Except as necessary in a proceeding to enforce the terms

**- 28 -**

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

1  of this Settlement Agreement, this Settlement Agreement and its terms and

2  provisions shall not be offered or received as evidence in any action or proceeding

3  to establish any liability or admission on the part of Defendant or to establish the

4  existence of any condition constituting a violation of, or a non-compliance with,

5  federal, state, local or other applicable law.

6      **M.**    Captions. The captions and section numbers in this Settlement

7  Agreement are inserted for the reader's convenience, and in no way define, limit,

8  construe or describe the scope or intent of the provisions of this Settlement

9  Agreement.

10     **N.**    Waiver. No waiver of any condition or covenant contained in this

11 Settlement Agreement or failure to exercise a right or remedy by any of the Parties

12 hereto will be considered to imply or constitute a further waiver by such party of

13 the same or any other condition, covenant, right or remedy.

14     **O.**    Enforcement Action. If one or more of the Parties institutes any legal

15 action or other proceeding against any other Party or Parties to enforce the

16 provisions of this Settlement or to declare rights and/or obligations under this

17 Settlement, the successful Party or Parties will be entitled to recover from the

18 unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert

19 witness fees incurred in connection with any enforcement actions.

20     **P.**    Mutual Preparation. The Parties have had a full opportunity to

21 negotiate the terms and conditions of this Settlement Agreement. Accordingly, this

22 Settlement Agreement will not be construed more strictly against one Party than

23 another merely by virtue of the fact that it may have been prepared by counsel for

24 one of the Parties, it being recognized that, because of the arm's-length negotiations

25 between the Parties, all Parties have contributed to the preparation of this

26 Settlement Agreement.

27     **Q.**    Representation by Counsel. The Parties acknowledge that they have

28 been represented by counsel throughout all negotiations that preceded the execution

**STIPULATION AND SETTLEMENT OF
CLASS AND REPRESENTATIVE ACTION**

1  of this Settlement Agreement and that this Settlement Agreement has been executed

2  with the consent and advice of counsel and reviewed in full. Further, Plaintiff and

3  Class Counsel warrant and represent that there are no liens on the Settlement

4  Agreement.

5      **R.**    <u>All Terms Subject to Final Court Approval</u>. All amounts and

6  procedures described in this Settlement Agreement herein will be subject to final

7  Court approval.

8      **S.**    <u>Cooperation and Execution of Necessary Documents</u>. All Parties will

9  cooperate in good faith and execute all documents to the extent reasonably

10  necessary to effectuate the terms of this Settlement Agreement.

11      **T.**    <u>Binding Agreement</u>. The Parties warrant that they understand and have

12  full authority to enter into this Settlement, intend that this Settlement Agreement

13  will be fully enforceable and binding on all Parties, and agree that it will be

14  admissible and subject to disclosure in any proceeding to enforce its terms,

15  notwithstanding any mediation confidentiality provisions that otherwise might

16  apply under federal or state law. Plaintiff, and not his respective representatives,

17  must personally execute this Settlement Agreement.

18      **U.**    <u>No Media Announcements.</u>  Neither side shall make any public

19  statements to the news, print, electronic, or Internet media concerning the

20  Settlement, and both sides shall decline to respond to media inquiries concerning

21  the Settlement.  Class Counsel shall not publicize the settlement in their marketing

22  materials, website, or other advertising media.

23  ///

24  ///

25  ///

26  ///

27  ///

28

**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

1  Dated: _____12/5/2023_____          *Michael D. Brumbach*
                                            —199469EADE8147C—
2                                           Plaintiff /Michael D. Brumbach

3

4                                           **HYATT CORPORATION dba**
                                            **"Manchester Grand Hyatt San Diego"**
5
6  Dated: __12/8/2023__                     *Daniel Kuperschmid*
                                            —42794EE60D944B5—
7                                           Defendant / Authorized Signatory

8                                           Please Print Name of Authorized Signatory
                                                    Daniel Kuperschmid
9  **APPROVED AS TO FORM**

10
                                            **LAW OFFICES OF KEVIN T.**
11                                          **BARNES**

12

13 Dated: December 6, 2023                  *Kevin J. Barnes*

14                                          Kevin T. Barnes, Esq.
                                            Attorneys for Plaintiff Brumbach
15

16                                          **SEYFARTH SHAW LLP**

17
                                            *Michael Afar*
18 Dated: __12/8/2023__                     —1B8E85B395EF4B2—

19                                          Brian Long, Esq.
                                            Michael Afar, Esq.
20                                          Attorneys for Defendant

21

22

23

24

25

26

27

28

**- 31 -**
**STIPULATION AND SETTLEMENT OF**
**CLASS AND REPRESENTATIVE ACTION**

EXHIBIT A

<u>**NOTICE OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**</u>

*Michael D. Brumbach v. Hyatt Corporation dba "Manchester Grand Hyatt San Diego"*
**United States District Court – Southern District of California Case No. 3:20-cv-02231-WQH-KSC**

**IF YOU WERE EMPLOYED BY HYATT CORPORATION dba "MANCHESTER GRAND HYATT SAN DIEGO" ("DEFENDANT") AS AN HOURLY-PAID, NON-EXEMPT EMPLOYEE WHO WORKED AS A BARTENDER, BARBACK, WAITER, COCKTAIL SERVER, SERVER ASSISTANT, FOOD RUNNER, BOUNCER, OR ANY JOB POSITION WITH SUBSTANTIALLY SIMILAR TITLE AND/OR DUTIES AS THESE DURING THE SETTLEMENT PERIOD (DEFINED AS OCTOBER 9, 2016, THROUGH DECEMBER 30, 2023) YOU ARE ENTITLED TO RECEIVE MONEY FROM A CLASS AND REPRESENTATIVE ACTION SETTLEMENT.**

*A court approved this notice. This is not an advertisement.*

You are not being sued. However, your legal rights are affected whether you act or not.

**PLEASE READ THIS NOTICE.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT INCLUDE THE FOLLOWING: | |
|---|---|
| **DO NOTHING** | You will receive a payment from the Settlement. No action is required for you to receive a share of this Settlement. |
| **EXCLUDE YOURSELF** | <u>You will receive no payment</u>. This is the only option that allows you to file your own lawsuit against Defendant for the claims released in this Settlement. |
| **OBJECT** | If you choose, you may object to this Settlement. The Court may or may not agree with your objection. Objecting to the Settlement will not exclude you from receiving a portion of the Settlement. |

**WHAT IS IN THIS NOTICE?**

1.   Why Should You Read This Notice?................................................................ Page 2
2.   What Is the Class Action Settlement?............................................................. Page 2
3.   What Is the Case About?................................................................................Page 2
4.   How Much Can I Expect to Receive?............................................................. Page 3
5.   Why Did the Defendant Join in This Notice?................................................. Page 3
6.   Who Is the Plaintiff in This Class Action? ..................................................... Page 3
7.   Who Are the Attorneys Representing the Parties? ......................................... Page 3
8.   What Are My Rights?  How Will My Rights Be Affected?...........................Page 4
9.   How Will Plaintiff's Attorneys for the Case Be Paid? ..................................Page 6
10.  What If I Lose My Settlement Check?  ..........................................................Page 6

| 1. | **Why Should You Read This Notice?** |
|---|---|

You have received this Notice because records indicate that you are a member of the settlement class in this action.  The settlement class is comprised of all hourly-paid, non-exempt employees who worked as bartenders, barbacks, waiters, cocktail servers, server assistants, food runners, bouncers, and any of Defendant's job positions with substantially similar titles and/or duties as these at Defendant's Manchester Grand Hyatt San Diego restaurants/cocktail lounges during the Settlement Period (defined as October 9, 2016 through December 30, 2023) ("Class Members").

This Notice tells you of your rights to share in the Settlement.  There was a Preliminary Approval hearing held on January 29, 2024 in the United States District Court, Southern District of California. Judge William Q. Hayes determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable and that a final determination of the issues will be made at the final approval hearing. Judge Hayes also ordered that you receive this Notice.

The Court will hold a Final Approval Hearing concerning the proposed Settlement on XXX _____, 2024 at XX a.m./p.m. in Department 14B (14th Floor) of the United States District Court, Southern District of California, 333 West Broadway, San Diego, CA 32101. The Final Approval Hearing may be continued to another date without further notice.

| 2. | **What is the Class Action Settlement?** |
|---|---|

The Court must approve the terms of the Settlement described herein as fair, adequate, and reasonable to the Class Members.  The Settlement will affect all members of the class.  You may get money from the Class Action Settlement.  This Notice will explain the terms of the Settlement and the amount of money you may receive under the Settlement.

| 3. | **What Is the Case About?** |
|---|---|

On or about October 9, 2020, Plaintiff Michael D. Brumbach ("Plaintiff") filed his case on behalf of himself and other similarly situated putative class members (herein collectively "Plaintiff") against Defendant, Hyatt Corporation dba "Manchester Grand Hyatt San Diego," in the San Diego Superior Court, Case No. 37-2020-00036271-CY-OE-CTL. Plaintiff alleges that Defendant violated the California Labor Code by: (1) failing to provide all meal periods; (2) failing to authorize and permit all paid rest periods; (3) failing to provide proper wage statements; (4) failing to timely pay final wages due at separation; (5) violating California Business & Professions Code section 17200; and, (6) is liable for civil penalties under the Private Attorneys General Act, California Labor Code section 2698 *et. seq*.

Defendant removed the case to federal court and the parties have agreed to proceed with this settlement in the subject Plaintiff Brumbach matter pending in the Southern District.

The parties agreed on a Settlement of $885,000 on a class wide, common fund basis with no claim form requirement and with no amount of the Settlement to revert to the Defendant.

The Defendant denies the allegations raised in the lawsuits and believes that it has no liability for any of Plaintiff's or the Class Members' claims under any statute, wage order, common law, or equitable theory.

Class counsel believes that the Settlement is fair, reasonable, and adequate, and that it is in the best interests of Class Members. Likewise, the Defendant has decided that settlement is favorable because it avoids the time, risk, and expense of a lengthy lawsuit, and settlement immediately resolves, finally and completely, the pending and potential claims. Defendant does not admit, concede or imply that it has done anything wrong or legally actionable by settling this lawsuit.

| **4.** | **How Much Can I Expect to Receive?** |
|---|---|

Defendant will pay a total sum of $885,000 ("Gross Fund Value"), which includes all settlement payments, attorney's fees, costs, costs of administering the Settlement, and the Class Representative's Service Award.

**Each Participating Class Member will receive approximately the following:**

**Defendant's records indicate that you worked approximately_____workweeks between October 9, 2016 and _____. Based on these records, your estimated payment as a Class Member in this class would be $_____.**

It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your payment under the Settlement.

| 5. | **Why Did the Defendant Join in This Notice?** |
|---|---|

The Defendant does not admit any claim alleged in the lawsuit and denies that it owes any money for any of the claims alleged in this matter. The Defendant is settling the lawsuit as a compromise. The Defendant reserves the right to object to and defend itself against any claim if, for any reason, the Settlement fails. The Settlement Administrator's website [insert cite] has the Settlement documents with more information on the lawsuit.

| 6. | **Who Is the Plaintiff in This Class Action?** |
|---|---|

Michael D. Brumbach is the Plaintiff and Class Representative in this class action lawsuit. He is acting on behalf of himself and on behalf of other members of the class.

| 7. | **Who Are the Attorneys Representing the Parties?** |
|---|---|

**Class Counsel**

Kevin T. Barnes, Esq.
LAW OFFICES OF KEVIN T. BARNES
1041 Parksdie Commons, Suite 101
Greensboro, GA 30642

**Defense Counsel**

Brian Long, Esq.
SEYFARTH SHAW LLP
601 South Figueroa Street, Suite 3300
Los Angeles, CA 90017-5793

Tel:  (323) 549-9100
Email: Barnes@kbarnes.com

Michael Afar, Esq.
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

| 8. | *What are my Rights?  How Will My Rights Be Affected?* |
|----|----|

Class Counsel, appointed and approved by the Court for Settlement purposes only, will represent you.

A.  **Participating in the Settlement**

Under the Settlement, you will **automatically** receive a settlement payment unless you opt out by following the opt-out procedure set forth in section C below.

This Notice of Settlement states the total number of workweeks you worked for Defendant during the Class Period.  Your individual settlement payment as a Class Member will be based on that number. If you believe the information on this Notice is correct, then you do not need to take any further action to receive your settlement payment.

If you believe the information shown above is incorrect, you must contact the Settlement Administrator listed at the end of this Notice no later than _____, 2024.  You must submit to the Settlement Administrator documentation to support the number of workweeks you believe you worked during the Class Period.  If there is a dispute about the workweeks you worked, the Settlement Administrator will review the records to resolve the dispute.

**NOTE: UNLESS YOU DISPUTE THE WORKWEEK INFORMATION LISTED ABOVE OR OPT OUT OF THE SETTLEMENT, YOU WILL RECEIVE MONEY FROM THE SETTLEMENT BASED ON THE AMOUNTS SET FORTH ABOVE**.

If you are a current employee of the Defendant, your decision as to whether or not to participate in this Settlement will <u>not</u> affect or in any way impact your employment.

B.  **Objecting to the Settlement**

**If you wish to Object to the Settlement,** you must submit a written Objection stating why you object to the Settlement.  The Objection must be signed by you and include your full name, address, telephone number, and last four digits of your Social Security number.  The Objection must be mailed to the Settlement Administrator (whose address is listed below) and must be postmarked no later than _____, 2024.  Late Objections will not be considered.

You may also, if you wish, appear at the Final Approval Hearing set for _____, 2024 at _____ a.m./ p.m. in Dept. 14B of the United States District Court – Southern District of California and discuss your objections with the Court and the Parties. The Final Approval Hearing may be continued to another date without further notice.

**IF YOU OBJECT TO THE SETTLEMENT, YOU WILL STILL RECEIVE YOUR SHARE OF THE SETTLEMENT IF THE COURT APPROVES THE SETTLEMENT.**

C.    **Opting Out of the Settlement**

**If you wish to be excluded from participating in the Settlement,** you must submit a written request to Opt-Out to the Settlement Administrator at the address below requesting to be excluded from the Settlement. To be considered valid, your Opt-Out request must be signed by you, and contain your name, address, telephone number, and the last four digits of your Social Security number. Your Opt-Out request also must clearly indicate that you desire to be excluded from the Settlement. To be considered timely, your Opt-Out request must be postmarked no later than _____, 2024. Late Opt-Out requests will not be considered. If you timely mail a complete and valid Opt-Out request, you will no longer be a member of the Class and you will not be eligible to receive money under the Settlement or object to the terms of the Settlement. You will not be bound by the terms of the Settlement, and may pursue any valid claims you may have, at your own expense, against Defendant.

D.    **Effect of the Settlement on Your Rights**

Upon final approval of the Settlement by the Court, all Participating Class Members will be deemed to have released the Released Parties from all Released Claims and PAGA Released Claims, as defined below. Regardless of whether an individual opts out of the Settlement, all Participating PAGA Members will be deemed to have released the Released Parties from all PAGA Released Claims.

"Released Parties" means Defendant and each of its present and former affiliates and subsidiaries, and all of their respective officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, consultants, shareholders, joint ventures, successors, and assigns and any other persons acting by, through, under or in concert with any of them.

"Released Claims" means as of the date of the Order Granting Final Approval, Class Members who do not opt out of the Settlement shall release all claims alleged in the operative complaint during the Settlement Period and all claims that could have been pled based upon the facts alleged in the operative complaint against Defendant and each of its present and former affiliates and subsidiaries, and all of their respective officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, consultants, shareholders, joint ventures, successors, and assigns and any other persons acting by, through, under or in concert with any of them ("Released Parties"). This includes claims for: (1) failure to provide meal periods; (2) failure to authorize and permit all rest periods; (3) failure to timely pay final wages due at separation; (4) failure to furnish accurate wage statements; (5) penalties pursuant to California Labor Code § 2698 and 2699; (6) unfair business practices related to the above claims; and (7) claims arising out of alleged violations of the California Labor Code §§ 201, 201.3, 202, 203, 205.5, 210, 218.6, 226, 226.3, 226.7, 512, 516, 552, 558, 1194, 1197, 1197.1, 1197.5, 2698 et seq., and 2699 et seq., and California Industrial Welfare Commission Wage Order No. 5-2001 for the claims alleged herein; up to and including the date of preliminary approval by the Court or December 30, 2023.

"PAGA Notice" means the August 6, 2020 letter that Class Counsel sent to the California Labor Workforce Development Agency ("LWDA") on behalf of Plaintiff pursuant to Labor Code section 2699.3(a)/(c) seeking to exhaust Plaintiff's administrative remedies under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698, et seq.

"PAGA Released Claims" means any and all Released Claims that arise under PAGA.

Regardless of whether an individual opts out of the Settlement, all Participating PAGA Members will be deemed to have released Defendant and the Released Parties of all PAGA Released Claims.

| 9. | *How Will the Attorneys for the Classes and Others Be Paid?* |
|---|---|

The attorneys for the Class Representative and the Settlement Classes will be paid from the gross settlement amount of $885,000. The attorneys are seeking a fee of 25% of the gross settlement amount, or $221,250, as well as reimbursement of their litigation costs, up to $35,000. Plaintiff Michael D. Brumbach is seeking a Service Award in the amount of $15,000 from the Settlement for his service as the Class Representative. Likewise, the Parties agree that $24,000 shall be allocated to settle the PAGA claim, with $18,000 to be paid to the LWDA, and the remaining $6,000 to be divided equally among the Class Members and included in their Individual Settlement Payments. The Settlement Administrator estimates that the cost of administration will be approximately $16,000. All of these amounts are to be deducted from the gross settlement amount, with the remainder available for distribution to Class Members who do not Opt-Out.

| 10. | *What If I Lose My Settlement Check?* |
|---|---|

If you lose or misplace your settlement check before cashing it, the Settlement Administrator will replace it as long as you request a replacement before the void date on the face of the original check. If your check is already void, you should consult the Unclaimed Property Fund (800) 992-4647 for instructions on how to retrieve the funds.

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may call Class Counsel, Kevin T. Barnes, (323-549-9100) or email him at Barnes@kbarnes.com, or call the Settlement Administrator at the telephone number listed below, toll free.

Please refer to the Hyatt Class Settlement Administrator.

**Hyatt Settlement Class Administrator**
**c/o Rust Consulting Inc. – XXXXXX**
**[ADDRESS]**
**[CITY, STATE, ZIP CODE]**
**[TELEPHONE]**
**[FASCIMILE]**

You can find a copy of the Settlement Agreement as well as the Motions for Preliminary and Final Approval on the website of the Hyatt Settlement Class Administrator which is XXXXXXXXX.

**DO NOT TELEPHONE THE COURT FOR LEGAL ADVICE OR FOR INFORMATION ABOUT THIS SETTLEMENT.**

By Order of the Honorable William Q. Hayes of the United States District Court, Southern District of California